345 So.2d 498 (1977)
Dorothy CONELLA et al.
v.
Bobby JOHNSON et al.
No. 58909.
Supreme Court of Louisiana.
April 20, 1977.
*499 J. Minos Simon, J. Minos Simon, Ltd., Lafayette, for defendants-relators.
B. Dexter Ryland, Alexandria, for plaintiffs-respondents.
MARCUS, Justice.
Upon application of Bobby Johnson for relief under our supervisory jurisdiction, we granted a writ of certiorari to review the correctness of an order of the judge of the Ninth Judicial District Court quashing a subpoena and subpoena duces tecum addressed to an assistant district attorney and a deputy sheriff of Rapides Parish.[1] The subpoenas were issued in connection with a notice of intention to depose these persons relative to a pending civil action with the following factual background.
On October 8, 1975, Richard E. Lee, city court judge for the City of Pineville, issued a warrant for the arrest of Bobby Johnson. The warrant recites that:
. . . [C]omplaint has been made before me, the undersigned authority on the oath of Dorothy Conella that one Bobby Johnson on or about the 7th day of July, 1975, did unlawfully violate LSA R.S. 14:67 in that he did commit the theft of one 24' × 60' frame building valued at $6,000.00.
Several months later, Dorothy Conella[2] filed the present civil suit alleging that Bobby Johnson and another individual, Julius *500 J. Walker, Sr., were indebted to her in the sum of $2,000, together with legal interest and costs. Conella's petition alleged that Johnson had removed a house from her property and located it on property of Walker contrary to an agreement with Johnson that the structure would be moved only after Johnson purchased the house and paid the purchase price of $2,000 in full. The petition was signed by Richard E. Lee as attorney for plaintiff. In his answer, Johnson generally denied the allegations of plaintiff's petition and further answered by asserting that he had purchased the building for $2,000 and had made a down payment of $200 on the purchase price prior to its removal from Conella's property. Assuming the position of plaintiff in reconvention, Johnson alleged that, because of financial reverses which occurred subsequent to the purchase of the aforesaid property, he was unable to pay the balance of $1,800 due to plaintiff. As a result, Conella caused a criminal charge of theft to be filed against him and a warrant for his arrest to be issued in an attempt to coerce him into paying the balance due. Johnson further alleged that the criminal charge had been nolle prossed by the district attorney and that said complaint had been intentionally and maliciously filed by Conella without probable cause in an effort to coerce payment of a civil debt. He sought damages in the total sum of $17,000, together with legal interest and cost.
Pursuant to his reconventional demand for malicious institution of prosecution, Johnson noticed the attorneys for the parties to the litigation of his intention to depose assistant district attorney Jack Pierce Brook and deputy sheriff Anthony Van Dyke. A subpoena and subpoena duces tecum were issued ordering the appearance of these persons and production of any and all documents in their possession relating to the criminal charge filed against Johnson. The subpoenas were quashed by ex parte order of the district judge on motion of the assistant district attorney and deputy sheriff, which motion represented that the information and records sought by Johnson were exempt from public disclosure in that they pertained to criminal litigation which could reasonably be anticipated and which had not been finally settled. Shortly thereafter, counsel for Johnson again noticed his intent to depose the same persons and secured the issuance of another subpoena and subpoena duces tecum. In view of the objections earlier raised by deponents, the deposition was presided over by Judge Guy E. Humphries. At that time, the district attorney, functioning as counsel for the assistant district attorney and deputy sheriff, renewed the claim that any records and information pertaining to the criminal complaint against Johnson were privileged.
La.R.S. 44:3 provides in pertinent part that the right of any elector or taxpayer, or any agent of either, to examine, copy, photograph and take memoranda of any and all public records shall not be construed
. . . to require disclosure of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, marshals, investigators, correctional agencies, investigative agencies, or intelligence agencies of the state, which records are:

(1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled;
. . . . .
(C) Whenever the same is necessary, judicial determination pertaining to compliance with this section or with constitutional law shall be made after a contradictory hearing as provided by law.
. . . . .
(Emphasis added.)
The issue presented for our consideration herein is whether the ruling of the trial judge upholding deponents' claim of privilege was made in conformity with La.R.S. 44:3(C) which provides that the question of privilege shall be judicially determined after a contradictory hearing.
*501 The record reveals that the district attorney and assistant district attorney testified that, although the charge filed pursuant to Conella's initial complaint against Johnson had been nolle prossed, a second criminal complaint arising out of the same transaction and filed by the attorneys for Conella and Walker had led to reactivation of the investigation. Based on these assertions alone, the trial judge stated:
. . . [T]he D. A. has informed me that . . . the case against this defendant that's now pending . . . is directly connected with the other, and I don't think I have the authority to second-guess him.
Counsel for Johnson was therefore prevented from questioning deponents in an attempt to demonstrate that their assertions had no basis in fact. He was precluded from showing either that there was no criminal litigation which could be reasonably anticipated or that the initial complaint had been finally settled and was not substantially related to the second complaint and investigation.
We are satisfied that the hearing held in the instant case did not comport with the directive of La.R.S. 44:3(C) that a judicial determination be made after a contradictory hearing. The statute requires more than judicial acceptance of a prosecutor's assertion of privilege. A meaningful opportunity must be afforded for cross-examination and presentation of evidence to contradict the claim of privilege. If such an opportunity had been given and if Johnson had been successful in his efforts to demonstrate the inapplicability of the privilege established in La.R.S. 44:3, the records sought in connection with the original criminal complaint filed by Conella would have been available to him as provided in the Public Records Act. Moreover, the assistant district attorney and deputy sheriff would have been subject to deposition concerning the nature of those records as well as their knowledge of events related thereto in accordance with La.Code Civ.P. art. 1436.[3] Inasmuch as we conclude that the hearing in this case was inadequate to support a judicial determination of the pertinent issues, we remand the case to the district court for a contradictory hearing held in conformity with La.R.S. 44:3.

DECREE
For the reasons assigned, the order of the district judge sustaining the motion to quash the subpoena and subpoena duces tecum is reversed and set aside and the case is remanded to the district court for a contradictory hearing in accordance with law and the views expressed herein.
NOTES
[1] Relator had previously sought relief to the Court of Appeal, Third Circuit, which court refused to exercise its supervisory jurisdiction in the case and denied relator's application for writs.
[2] There was another party plaintiff, Mrs. Blanche Harper, who is not involved in the litigation which is presently before this court.
[3] Subsequent to the hearing in this case on September 30, 1976, new discovery rules adopted by the legislature have gone into effect. The scope of examination and cross-examination of a deponent provided for in former La.Code Civ.P. art. 1436 are now embodied in La.Code Civ.P. arts. 1422 through 1425. In view of our disposition of this case, we find it unnecessary to address ourselves at this time to the question of whether La.R.S. 44:3 has any application to determining the scope of oral deposition in a civil case apart from establishing a privilege for records and the information contained therein.