DENNIS, Justice.
Defendants, who were acquitted of capital crimes by reason of insanity, unsuccessfully moved the Orleans Criminal District Court for a transfer to a less restrictive commitment facility. Instead of deciding the merits of defendants’ motions, the district court declared unconstitutional the statute it considered applicable to such transfers and terminated the proceedings. Defendants appealed directly here, La. Const. Art. 5 § 5(D)(1), and the state joins in urging reversal of the district court declaration. We reverse and remand the case for a decision on the merits.
The district court’s rationale was that (1) La.R.S. 28:59(A) purportedly requires it to conduct civil commitment proceedings, and (2) the state constitution prevents the legislature from authorizing it to adjudicate a civil matter. We disagree with both propositions.
La.R.S. 28:59(A) provides:
Any person acquitted of a crime or misdemeanor by reason of insanity or mental defect may be committed to the proper institution in the manner provided for judicial commitment by the district court of acquittal and contradictorily with the district attorney.
This section is part of the Mental Health Act of 1977 which contains rules governing *417 both civil and criminal commitments. However, La.R.S. 28:59(A) was superseded, regarding the commitment and discharge of capital and felony insanity acquittees, by Act 689 of 1982, which, in pertinent part, provides:
Section 1. Code of Criminal Procedure Art. 654 is hereby amended and reenacted to read as follows:
Art. 654. Legal effect of acquittal on ground of insanity; commitment
When a verdict of not guilty by reason of insanity is returned in a capital case, the court shall commit the defendant to a proper state mental institution or to a private mental institution approved by the court for custody, care, and treatment.
When a defendant is found not guilty by reason of insanity in any other felony ease, the court shall remand him to the parish jail or to a private mental institution approved by the court and shall promptly hold a contradictory hearing at which the defendant shall have the burden of proof, to determine whether the defendant can be discharged or can be released on probation, without danger to others or to himself. If the court determines that the defendant cannot be released without danger to others or to himself, it shall order him committed to a proper state mental institution or to a private mental institution approved by the court for custody, care, and treatment. If the court determines that the defendant can be discharged or released on probation without danger to others or to himself, the court shall either order his discharge, or order his release on probation subject to specified conditions for a fixed or an indeterminate period. The court shall assign written findings of fact and conclusions of law; however, the assignment of reasons shall not delay the implementation of judgment.
Section 2. Code of Criminal Procedure Art. 657 is hereby amended and reenacted to read as follows:
Art. 657. Discharge or release; hearing
After considering the report or reports filed pursuant to Articles 655 and 656, the court may either continue the commitment or hold a contradictory hearing to determine whether the committed person can be discharged, or can be released on probation, without danger to others or himself. At the hearing the burden shall be upon the committed person to prove that he can be discharged, or can be released on probation, without danger to others or himself. After the hearing, and upon filing written findings of fact and conclusions of law, the court may order the committed person discharged, released on probation subject to specified conditions for a fixed or an indeterminate period, or recommitted to the state mental institution. Notice to the counsel for the committed person and the district attorney of the contradictory hearing shall be given at least thirty days prior to the hearing.
Section 3. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
Section 4. All laws or parts of laws in conflict herewith are hereby repealed.
Accordingly, a commitment or discharge of a person found not guilty by reason of insanity of a capital or felony offense shall be governed by La.C.Cr.P. Arts. 654 and 657 commencing with the effective date of Act 689 of 1982. Since the present commitment related proceedings were brought after the effective date of this act by capital insanity acquittees, La.R.S. 28:59(A) has been superseded and has no application to their motions for transfer. Thus, the district judge was in error in assuming that La.R.S. 28:59(A) is applicable and in declaring it unconstitutional.
The district judge’s ruling that the legislature cannot authorize the Orleans Criminal District Court to adjudicate a civil mat *418 ter apparently was based on La. Const. Art. 5 § 32 which provides:
Except for provisions relating to terms of office as provided elsewhere in this Article, and notwithstanding any other contrary provision of this constitution, the following courts and officers in Orleans Parish are continued, subject to change by law: the civil and criminal district courts, the city, municipal, traffic, and juvenile courts; the clerks of the civil and criminal district courts; the civil and criminal sheriffs; the constables and the clerks of the first and second city courts; the register of conveyances; and the recorder of mortgages.
This section continues the former constitution’s separation between the civil and criminal district courts in Orleans Parish. But it also reserves to the legislature the plenary lawmaking power to change this division by law. Accordingly, the legislature may completely abolish, partially erase or otherwise change the separation between these courts by law. Consequently, the district judge was in error in holding that the legislature may not by a duly enacted law authorize the Orleans Criminal District Court to adjudicate a civil matter. Compare L. Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765, 778, 810 (1977).
For these reasons, although La.R.S. 28:59(A) of the Mental Health Act pertaining to commitments of capital and felony insanity acquittees has been superseded by La.C.Cr.P. arts. 654 and 657, as amended and reenacted, there is no constitutional bar to the application of the code’s rules governing transfers in an Orleans Criminal District Court proceeding. There is a legislative limitation, however, contained in the Mental Health Act itself. La.R.S. 28:94(A)(2) provides that “[a] person under sentence or acquitted of a crime or misdemeanor on the ground of mental illness or defect shall be transferred only upon authority of the committing court.”
In summary, we conclude that a commitment or a discharge of a person acquitted of a felony or capital offense by reason of insanity is governed by La.C.Cr.P. arts. 654 and 657, as amended and reenacted; that there is no constitutional bar to legislative authorization of the Orleans Criminal District Court to adjudicate a civil matter; and that La.R.S. 28:94(A)(2) prohibits the transfer of an insanity acquittee without the authority of the committing court. Thus, there is no constitutional impediment to prevent the district court from entertaining and deciding the defendants’ motions for transfers.
For the reasons assigned, the district court’s judgment is reversed and the case is remanded for a decision on the merits.
REVERSED AND REMANDED.
CALOGERO, J., concurs and assigns reasons.