489 So.2d 343 (1986)
Gary W. BIZAL
v.
Harry CONNICK, Orleans Parish District Attorney.
No. CA-4951.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Writ Denied June 20, 1986.
*344 Gary W. Bizal, Levy & Bizal, Marrero, pro se.
William J. Guste, Jr., Atty. Gen., Harry F. Connick, Dist. Atty., Judith Brewster, Asst. Dist. Atty., Timothy M. Warner, Asst. Dist. Atty., New Orleans, for Harry Connick.
Before GULOTTA, WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
This is an appeal of a judgment granting defendant District Attorney Harry Connick's motion to quash subpoena duces tecum and dismissing the petition for writ of mandamus filed by plaintiff, Gary W. Bizal. Plaintiff contends the trial court erred in granting the motion and dismissing the petition.
On July 2, 1985, plaintiff made a formal demand upon defendant to turn over for inspection the files of three cases which allegedly had been finally adjudicated. The District Attorney's office responded that the records in question are not subject to disclosure because under the Public Records Act, La.R.S. 44:1 et seq., these records pertain to reasonably anticipated criminal litigation which has not been "finally adjudicated or otherwise settled." La.R.S. 44:3(A)(1). On July 23, 1985, plaintiff filed petitions for a writ of mandamus and a subpoena duces tecum, alleging the three case files do not contain any information exempted from the full disclosure requirement of the Public Records Act and that defendant arbitrarily and capriciously refused plaintiff access to the files.
At issue is the proper interpretation of La.R.S. 44:3, set forth below in part:
A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety, marshals, investigators, correctional agencies, or intelligence agencies of the state, which records are:
(1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled; or
(2) Records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information;
Defendant filed a motion to quash the subpoena duces tecum, as well as an answer to plaintiff's petition for writ of mandamus. Defendant maintained the cases had not been finally adjudicated because the defendants therein had not exhausted all their state and federal remedies. In particular, Jerome Powell currently has an appeal pending before the Louisiana Supreme Court. Also, the records contain information about the identities of grand jury witnesses who are confidential sources of information, as well as other information regarding grand jury proceedings, which are protected from public disclosure under Louisiana Code of Criminal Procedure Article 434. Further, defendant argues the case files contain the work product of the State's attorneys; they are thus exempt from public disclosure under Louisiana Code of Civil Procedure Article 1424.
Plaintiff relies upon Louisiana Code of Criminal Procedure Article 922 to determine when a judgment is considered final; i.e. a judgment is final when the delay for applying for a rehearing has expired and no such application has been made. Since the convictions in the three cases in question were affirmed by the Louisiana Supreme Court at least two years ago, plaintiff contends these judgments are "final" for purposes of applying La.R.S. 44:3. Plaintiff claims the "reasonable anticipation of criminal litigation" refers only to *345 situations in which the state is still developing its initial case. Plaintiff argues it cannot be presumed that all convicted criminal defendants will continue to appeal their cases. The District Attorney has not met his burden of proving further litigation of these cases can reasonably be anticipated.
On appeal, plaintiff appears to modify his position, suggesting the trial court examine the files and excise the attorneys' work product as well as the information regarding grand jury proceedings. Defendant maintains his position, claiming that in each case, the protected information and work product cannot be separated from the rest of the file.
A criminal defendant's remedies are rarely exhausted in today's state and federal criminal justice systems. Convicted defendants often avail themselves of the right to appeal for post-conviction relief for seemingly endless periods of time. It is not unusual for a defendant whose conviction has been affirmed by the highest court in his own state to continue the action in federal court. There is, therefore, a reasonable anticipation of further litigation in each of the cases at issue; the District Attorney should not, by virtue of the Public Records Act, be compelled to turn over his files to plaintiff.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.