553 So.2d 806 (1989)
Dallas CORMIER, Sheriff,
v.
In re PUBLIC RECORDS REQUEST OF John Di GIULIO.
No. 89-CC-2351.
Supreme Court of Louisiana.
December 8, 1989.
PER CURIAM.
Writ granted. Generally, all records, writings, recordings, tapes, reproductions, and electronic data used, prepared for use, possessed, or retained by any instrumentality of state, parish or municipal government are "public records", except as otherwise provided specifically by law. La.R.S. 44:1(A)(1) & (2). Unless otherwise specifically provided by law, any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record. La.R.S. 44:31.
Some records held by district attorneys, sheriffs and police departments are specifically excluded from classification as public records. These include: (1) records pertaining to pending or anticipated criminal litigation, until such litigation has been finally adjudicated or otherwise settled; (2) records containing the identity of a confidential source or which would endanger such a source; (3) records containing security procedures, investigative techniques or training aids; (4) records of the arrest of a person until a final judgment of conviction or the acceptance of a plea of guilty; (5) records containing the identity of or tending to identify an undercover police officer; (6) records concerning status offenders as defined in the Code of Juvenile Procedure; and (7) records containing the identity of a subject of a public health disease investigation. La.R.S. 44:3(A).
Despite the exclusion from the disclosure requirement of arrest records until a conviction or guilty plea is obtained, however, "the initial report of the officer or officers investigating a complaint, but not to apply *807 to any followup or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record." La.R.S. 44:3(A)(4)(a) (emphasis added). Subparagraph (b) goes on to define the specific contents required in an "initial report."
The public records request here seeks copies of the initial police reports in a number of specific cases. Under La.R.S. 44:3(A)(4)(a), these initial reports are public records, and the requesting party is thus entitled to copies of these reports. State v. Raggio, 508 So.2d 59 (La. 1987); State v. McEwen, 504 So.2d 817 (La.1987); State v. Shropshire, 471 So.2d 707 (La.1985). The plaintiff's contention that this language means that such reports are only public records when the investigation results from a complaint from the public is without merit. "Investigating a complaint" is an adjective phrase used to identify the officer or officers whose initial reports are public records. "Complaint" in this context includes not only something that is the cause or subject of protest or outcry but also something the police reasonably suspect will be and therefore have a right to investigate. Therefore, the ruling of the district court denying this request is reversed and the sheriff is ordered to produce the requested initial police reports.
The request also seeks certain letters pertaining to alleged police misconduct. The public officials oppose this request on the grounds that such letters constitute records of pending criminal litigation under La.R.S. 44:3(A)(1), because the letters are placed in the letter writer's criminal file. The file in which the letters may be found does not, without more, render the letters records of pending criminal litigation. The determination of whether a specific record is a record of "pending criminal litigation" must be made on a case by case basis and is subject to judicial review. Freeman v. Guaranty Broadcasting, 498 So.2d 218 (La.App. 1st Cir.1986). The public records statute requires more than a judicial acceptance of an assertion of privilege by the prosecutor; there must be an opportunity for cross examination and presentation of evidence to contradict the claim of privilege. La.R.S. 44:3(C); Conella v. Johnson, 345 So.2d 498 (La.1977). No such opportunity was afforded here. Accordingly, the ruling of the district court on this aspect of the request is reversed and the case is remanded for the taking of evidence and a ruling on whether the letters sought are actually records of "pending criminal litigation."
REVERSED; PRODUCTION OF INITIAL POLICE REPORTS ORDERED; EVIDENTIARY HEARING AND FURTHER PROCEEDINGS ORDERED ON REQUEST FOR OTHER RECORDS IN ACCORDANCE WITH THIS OPINION.
MARCUS, WATSON and COLE, JJ., dissent.