11 SAUNDERS, Judge.
This is an appeal from the trial court’s ruling that three items in the Rapides Parish District Attorney’s file were relevant to the plaintiffs civil case and discoverable. The Rapides Parish District Attorney appeals the trial court’s ruling, contending that he is entitled to a contradictory hearing in order to assert the claim of privileged information as to each item the trial court ruled discoverable.

FACTS

On February 12, 1989, Linda Winn, the plaintiff-appellee’s sister, died from stab wounds sustained during a struggle at her home. Police officers arrested Marshall Winn (hereafter WINN) and charged him with the second degree murder of his sister. On April 14, 1989, a Rapides parish grand jury declined to charge WINN with the murder and returned a “no true bill.”
On February 4, 1990, WINN filed suit against the city of Alexandria, et at, ^seeking damages for false arrest and malicious prosecution. In developing his case, WINN attempted to depose Rapides parish assistant district attorney, Thomas R. Will-son, his investigator, Mike Rogers, and subpoena the records from their file. Both employees of the Rapides District Attorney’s office refused to comply with the subpoena and answer questions concerning their investigation into the Linda Winn murder case. Citing La.R.S. 44:3(A)(1), Willson and Rogers claimed that the information sought by WINN was privileged and not discoverable because the investigation into Linda Winn’s murder was ongoing and active. WINN filed a Motion to Compel Willson and Rogers to produce its file and answer questions concerning their investigation. After a contradictory hearing in the matter, the trial court ruled that the Winn murder case was still open and pending criminal litigation could be reasonably anticipated; and therefore, the documents in the district attorney’s file and his employees’ testimony concerning the case was privileged and not discoverable. The trial court made its ruling, however, without conducting an in camera inspection of the district attorney’s file and considering the documents and items therein.
WINN appealed the trial court’s ruling by application for supervisory writs. This court on February 17, 1993, granted the writ and ruled that the trial court erred in failing to conduct an in camera inspection of the district attorney’s file. This court remanded the matter to the trial court and ordered that it conduct an in camera inspection of the Winn murder file and determine whether relevant items in the file were privileged pursuant to La.R.S. 44:3.
On August 8, 1993, the trial court conducted an in camera inspection of the district attorney’s file and ordered that the Rapides Parish District Attorney’s Office produce for WINN the following documents: 1) a composite drawing of 13the suspect; 2) the photographic line-up developed during the investigation of Linda Winn’s murder; and 3) the statement made by WINN to police on August 22, 1992. The trial court did not allow the Rapides Parish District Attorney’s office, however, the opportunity to rebut its findings.
The Rapides Parish District Attorney now takes this appeal contending that pursuant to La.R.S. 44:3(A)(1), the trial court should have held a contradictory hearing to allow the Rapides Parish District Attorney to present other evidence and argument why the items selected by the trial court were privileged.
For the following reasons, we vacate the judgment of the trial court and remand this matter for further proceedings in accordance with La.R.S. 44:3(A)(1) et seq.

I. Issues Presented

1.) Whether the trial court erred in failing to conduct a contradictory hearing and allow the Rapides Parish District Attorney to rebut the trial court’s findings after the trial court found that items in the Rapides District Attorney’s file were relevant and discoverable. 2.) Whether the trial court erred in its factual finding of no criminal litigation pending or reasonably anticipated.
This court will pretermit a review of the second issue raised by appellant because we find the trial court failed to follow the proper *904 procedure by which a trial court renders judgment concerning the issue of whether records sought are subject to the privileges of La.R.S. 44:3 and undiscoverable.

II. Law and Argument

The right of access to public records is a fundamental right guaranteed by the 1974 Constitution of Louisiana, Art. XII, Sec. 3, which states in pertinent |4part that: “[n]o person shall be denied the right to ... examine public documents, except in cases established by law.” Access to such records can be denied only when a law specifically provides otherwise. Whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right to inspect. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984)
Generally, Louisiana law forbids the disclosure of records held by the district attorney that are:
“Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled.”
La.R.S. 44:3(A)(1).[1] Whenever a civil litigant seeks the production of documents or other items in a district attorney’s file, Louisiana law provides:
“Whenever the same is necessary, judicial determination pertaining to compliance with this section or with constitutional law shall be made after a contradictory hearing as provided by law.”
La.R.S. 44:3(C) (emphasis added). ‘Whether such records are subject to disclosure must be determined at an adversarial hearing on a case by case basis.” Revere v. Layrisson, 593 So.2d 397 (La.App. 1st Cir.1991) (emphasis added) (Citing Cormier v. Public Records Request of Di Giulio, 553 So.2d 806 (La. 1989); Harrison v. Norris, 569 So.2d 585 (La.App.2d Cir.), writ denied, 571 So.2d 657 (La.1990); State v. Campbell, 566 So.2d 1038 (La.App.3d Cir.), writ denied, 567 So.2d 111 (La.1990); Bizal v. Connick, 489 So.2d 343 (La.App. 4th Cir.), writ denied, 491 So.2d 10 (La.1986)).[2]
A review of the record in this case reveals that on October 5,1992, a contradictory hearing was held at which time, WINN was given an opportunity to cross-examine Assistant District Attorney Thomas R. Willson, and his investigator, Mike Rogers. Additionally, the Rapides Parish District Attorney was also given the opportunity to take testimony and make arguments. The trial court at that time, however, did not make an in camera inspection of the Winn murder file. After hearing the testimony propounded by both sides and their respective legal arguments, the trial court held: “[Tjhere is pending criminal litigation in this matter, or pending criminal litigation which can be reasonably anticipated.” The trial court ruled that the information concerning the case was privileged and denied WINN access to the contents of the file or the right to depose Will-son and Rogers concerning their investigation.
WINN applied for supervisory writs, which this court granted. In that appeal, this court ruled that the trial court erred in the procedure by which it made its ruling in failing to conduct an in camera inspection of the district attorney’s file. This court re *905 manded the matter to the trial court so that it could conduct an in camera inspection of the Winn murder file and make a determination whether anything in the file was relevant to the plaintiff-appellee’s case, and in addition, whether those materials or items were privileged pursuant to La.R.S. 44:3.
IsOn remand the trial court conducted an in camera inspection of the Winn murder file pursuant to this court’s order. After inspecting the file, the trial court ordered three (3) items from the Rapides District Attorney’s Office turned over to WINN. Although it cited no reasons for its judgment, the trial court apparently reversed its earlier ruling that there was no pending or reasonably anticipated criminal litigation. Without ruling on the merits of the trial court’s judgment, we find that the trial court erred in failing to follow the appropriate procedure when it limited the basis of its ruling to its in camera inspection of the file.
The underlying policy behind the case law and statute[3] that gives the civil litigant the right to question and cross-examine the district attorney was to prevent the district attorney from merely asserting the privilege without any further inquiry into the legitimacy of his assertion that the material in his file was privileged. “The statute requires more than judicial acceptance of a prosecutor’s assertion of privilege. A meaningful opportunity must be afforded for cross-examination and presentation of evidence to contradict the claim of privilege.” Conella v. Johnson, 345 So.2d 498, 501 (La.1977). At the same time, however, in requiring a contradictory hearing we hold that the district attorney must also be given the opportunity to provide evidence and argument that the documents desired by a civil litigant may be privileged.
While the trial court did not provide reasons for its judgment, its comments found in the transcript of the hearing give us insight into what procedure it used and the pertinent facts that formed the basis of its decision. The record reveals that the trial court erroneously limited the factors that it used | yin making its decision to the contents of the file.[4] The record reveals no evidence that a contradictory hearing, as required by statute and Louisiana jurisprudence, was held at the time of the in camera inspection. The Rap-ides District Attorney should have been given the opportunity to rebut by argument and other evidence that the items sought by WINN were privileged and should not be disclosed, e.g., records pertaining to pending or reasonably anticipated criminal litigation, records containing the identity of a confidential source, undercover police officer, security procedures, investigative techniques, etc. La.R.S. 44:3(A)(1 — 7); Conella, supra; Freeman v. Guaranty Broadcasting Corp., 498 So.2d 218 (La.App. 1st Cir.1986).

Conclusion

For the foregoing reasons, the judgment of the trial court is vacated and the matter is remanded for further proceedings in accordance with this opinion.
Cost of this appeal is assessed to plaintiff-appellee, Marshall Winn.
JUDGMENT VACATED and REMANDED.

. In addition, the records described in the following sections of La.R.S. 44:3(A) are also prohibited from disclosure: “(2) Records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information; (3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information; (4)(a) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction; (5) Records containing the identity of an undercover police officer or records which would tend to reveal the identity of an undercover police officer; or (6) Records concerning status offenders as defined in the Code of Juvenile Procedure."

. In Lemmon v. Connick, 590 So.2d 574 (La. 1991), the Louisiana Supreme Court held that post conviction relief is not "pending criminal litigation” within the meaning of the Public Records Act and reversed Bizal v. Connick, 489 So.2d 343, in so far as that holding was inconsistent with the Louisiana Supreme Court’s ruling.

. La.R.S. 44:3.

. From the transcript of the conference held on that day, we note the trial court statement on the procedure it used to make its decision: “Okay. Well then I suppose the first thing for me to do is to go through the file to determine whether or not in the Court's opinion there is an ongoing investigation. If I find that, then the whole thing is sealed.”