Dear Chief Schexnayder:
This office is in receipt of your request for an opinion of the Attorney General in regard to your release of "crime report information". You ask if you are required to release crime report information to council members in a public meeting, and, if so, is there anything which would prohibit them from reading this information aloud in a public meeting or turning this over to the newspaper for publication.
We are not sure exactly what you mean by the term "crime report", but if you are referring to the initial police report, this is public record, which you as a public officer are required to release under the Public Records Law, R.S. 44:3. InCormier v. Public Records Request, 553 So.2d 806 (La 1989), the court recognized that R.S. 44:3 requires disclosure of the initial report of officers "investigating a complaint" whether there are subsequent charges or not. Accordingly, you would be required to permit inspection or reproduction of the initial police report upon request by persons 18 years or older. This would involve disclosure of information in the document which would include a narrative description of the alleged offense, the location, time, and date of the offense, and persons charged and identified in the initial report unless exempt by a specific statutes such as the victims of a sexual offense. While the public cannot review reports in pending criminal investigations or prosecutions, this does not apply to disclosure of the initial police reports, booking information, issuance of a summons or citation, or records of the filing of a bill of information. Moreover, when the criminal matter is finally disposed of, the records are no longer subject to nondisclosure, but become public records.
In Francois v. Capitol City Press, 166 So.2d 84
(La.App 1964) in a suit for defamation the Court recognized in Louisiana it has been held that a newspaper has a qualified or conditional privilege to report the fact that a person was arrested and the charge for which he was being held, provided that the report does not assume guilt of the accused person and is not otherwise defamatory. The court stated the newspaper may not only report the fact that a person was arrested and the charged, but may rely for such a report upon the principal record kept by the arresting authority which record is a "public record".
Applying the reasoning of this case in regard to the dissemination by the council of the public record information of your office, we find no prohibition that would prevent the council from reading this information aloud in a public meeting or turning this information over to the newspaper for publication. However, the council would need to report this information exactly as contained in the public record or would be responsible for any inaccuracy it made in reporting the facts found in the initial police report.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR