VICTORY, J.,
concurring in part and dissenting in part.
1,1 agree that the Orleans Parish Criminal District Court has subject matter jurisdiction to entertain Tenet Memorial’s motion for return of property under La. R.S. 15:41. La. R.S. 15:41 found in Title 15 of the Revised Statutes governing “Criminal Procedure” provides for the “Disposition of property seized in connection with criminal proceedings.” La. R.S. 15:41(B) provides that property seized in connection with a criminal proceeding which is not to be used as evidence or is no Rlonger needed as evidence “shall be returned to the owner,” unless a statute declares it to be contraband. La. R.S. 15:41(C) provides that “[wjhere the release of seized property is sought to by a person claiming to be its owner, it shall be released only upon motion contradictorily with the clerk of court.”
The fact that this article is found in the statutes governing criminal procedure indicates that it applies to courts exercising criminal jurisdiction. Further, that La. R.S. 15:41(C) refers to the “clerk of court” can only mean, in the case of Orleans Parish, the clerk of the criminal court as that is where the documents are located.
Further, I would read this statute in light of La.C.Cr.P. art. 167, which also governs the custody and disposition of seized property, and which provides as follows:
When property is seized pursuant to a search warrant, it shall be retained under the direction of the judge. If seized property is not to be used as evidence or is no longer needed as evidence, it shall be disposed of according to law, under the direction of the judge.
This criminal code provision clearly gives the judge presiding over the criminal case the jurisdiction to order the return of property seized under a search warrant. Because of the unique jurisdictional status of the Orleans Parish Courts, because La. R.S. 15:41 is found in the provisions governing criminal procedure which can only be exercised by a criminal court, and because La.C.Cr.P. art. 167 gives the criminal court judge jurisdiction to return property seized pursuant to a search warrant, I *995 agree that the Orleans Parish Criminal District Court has subject matter jurisdiction over this matter.
However, I question the majority’s finding that because the property sought to be returned was obtained by virtue of a subpoena instead of a search warrant, the documents do not constitute “property seized” within the meaning of La. R.S. 15:41 and that, therefore, the trial court was without authority to order the Attorney General 13to return the documents. In my view, the purpose of that statute is to provide a mechanism for returning property that in the hands of the government in connection with a criminal investigation that is not to be used as evidence or is no longer needed as evidence, regardless of whether the property was turned over by virtue of a search warrant or a subpoena. Further, the majority’s distinction is irrelevant as the' opinion later holds that in fashioning a remedy for a person whose property is given over pursuant to a subpoena, “the trial court on remand may fashion a reasonable resolution if it so desires.” At p. 988 (citing La.C.Cr.P. art. 3). This would presumably include ordering the return of the property, which is exactly what the trial court did in granting Memorial’s motion for return of the property.
This dispute centers only around the copies made by the Attorney General’s office. I question whether Tenet-Memorial is the “owner” of the copies for the purposes of La. R.S. 15:41 and whether the legislature even intended that this article apply to copies. If the copies of documents obtained from Tenet-Memorial pursuant to subpoena are public records, then pursuant to La. R.S. 44:36, the custodian of the records must maintain the copies for at least three years from the date on which the public record was made. If Tenet-Memorial is allowed the return of copies made by the Attorney General, the public may never have a right to view these public records, which would be a violation of the Public Records Act. Therefore, I agree with the portion of the majority opinion holding that Tenet-Memorial is not entitled to the return of the copies under La. R.S. 15:41, but I question whether the trial court could fashion a remedy under La.C.Cr.P. art. 3 ordering the return of the copies made by the Attorney General as they may not be Tenet-Memorial’s property, and return of all copies appears to conflict with La. R.S. 44:36 which requires that one copy of the original document be kept by the custodian. In any event, the opinion makes clear [4that the trial court may only fashion a remedy under La.C.Cr.P.art. 3 “following the finality of the proceedings” in 08-CC-1066, meaning that copies found to be public records may not be returned to Tenet-Memorial.
However, also regarding 07-KK-1853 and 07-KK-1870, I dissent from the majority’s ruling that CNN lacks standing in this matter. The majority’s reasoning rests on the erroneous proposition that the action for the return of property “has no logical nexus to CNN’s asserted status, which is that of a party who has been denied the right to inspect or copy a public record.” At 982. It is clear that if the documents were returned to Tenet-Memorial prior a determination being made in 08-CC-1066 as to whether they are public records, then CNN would lose its chance to inspect or copy the public records. Surely, that meets the requirement that the litigant “has an interest at stake in [the] litigation which can be legally protected.” In re Melancon, 05-1702 (La.7/10/06), 935 So.2d 661, 668. Under Melaneon, CNN is entitled to an adjudication of the claims it has asserted, which it may lose if the copies are no longer in the hands of the Attorney General. Therefore, I would find that CNN has standing to intervene against Tenet-Memorial in *996 the motion for return of property filed in Orleans Parish.
I dissent from the second portion of the majority opinion regarding 08-CC-1066, remanding the matter to the trial court to determine whether criminal litigation can be reasonably anticipated as provided in La. R.S. 44:3(A)(1). As the majority opinion states, the issue of whether the documents were subject to the exception in the Public Records Act that exempts documents from disclosure where criminal litigation is reasonably anticipated, La. R.S. 44:3(A)(1), was raised in the trial court. La. R.S. 44:3(C) requires that “[wjhenever the same is necessary, judicial determination joertaining to compliance with this section or with constitutional law Rshall be made after a contradictory hearing as provided by law.” The trial court held such a hearing, at which Orleans Parish Assistant District Attorney Michael Morales testified as follows:
Q. All right. And your office has con- . firmed that further criminal litigation on this matter is not going to be pursued; is that right?
A. Mr. Jordan was quite clear that this case is over.
Q. Is criminal litigation reasonably anticipated? .
A. The case is over. My boss has said quite clearly, the case is over.
Assistant Attorney General Schafer testified regarding that issue: “It is my understanding that the District Attorney has said that he was not going to go forward in this matter in any way, shape or form and I think my boss has let it be known that this case is over as far at the attorney general’s office is concerned.”[1] In its final judgment, the trial court found that the documents were public records, subject to certain exceptions. See p. 979, n. 5. The trial court did not find that the documents were excepted from disclosure because criminal prosecution was reasonably anticipated. Upon review, the appellate court did not apply the manifest error standard to this factual ruling, but instead found that the documents at issue in this proceeding are exempted from disclosure under the Act under La. R.S. 44:3(A), reasoning that because there is no prescriptive period or statute of limitations with respect to homicide, “the criminal litigation was not finally adjudicated by the dismissal of charges by the district attorney or the grand jury’s return of a no true bill.”
|fiI disagree with the majority’s finding that a remand is necessary under its newly articulated factors. The cases cited by the majority, Cormier v. In re: Public Records Request of Giulio, 553 So.2d 806 (La.1989) and Conella v. Johnson, 345 So.2d 498 (La.1977), stand for nothing more than the fact that La. R.S. 44:3(C) requires a contradictory hearing to determine whether La. R.S. 44:3(A)(1) applies. In Conella, the Court held that the trial judge erred in accepting the district attorney’s assertion of the privilege, without giving the party seeking the records the opportunity to cross-examine him and present evidence to contradict the claim of privilege. Likewise, Cormier held that La. R.S. 44:3(C) requires more than the judicial acceptance of an assertion of privilege by the prosecutor in that there must be an opportunity for cross-examination and presentation of evidence to contradict the claim of privilege. In this case, the assistant attorney general and Orleans Parish assistant district attorney testified that their offices did *997 not anticipate further criminal litigation. The parties had an opportunity to cross-examine them and present evidence to contradict their testimony. Therefore, the appropriate contradictory hearing was held. Nothing in Cormier or Conella indicates that the prosecuting authority’s testimony as to whether criminal litigation is reasonably anticipated is not sufficient to establish this fact. In Fryar v. Guste, 371 So.2d 742 (La.1979), this Court noted that La. R.S. 44:3(A)(1) does not apply where the district attorney regarded the matter as closed. In my view, the trial court’s ruling should be reinstated as a contradictory hearing was held, no evidence was presented that criminal litigation is reasonably anticipated, and the trial court’s judgment that this exception did not apply was not manifestly erroneous.[2]
17However, instead of affirming the trial court’s ruling, the majority remands the case so that the trial court can assess the issue under “objective factors” formulated by the majority. At p. 992. I dissent from the majority’s decision to remand this case for the trial court to again decide the issue using these new factors. I would reinstate the judgment of the trial court in all other regards as well.
For the above reasons, I respectfully concur in part in 07-KK-1853 and 07-KK-1870 to the extent that no documents can be turned over to Tenet-Memorial until the finality of the proceedings in 08-CC-1066 as to whether the documents are public records; I dissent in the ruling in 07-KK-1853 and 07-KK-1870 that CNN lacks standing; and I dissent in the ruling-in 08-CC-1066 and would reinstate the judgment of the trial court.

. Although Assistant Attorney General Shafer was questioned and testified as to whether criminal litigation is reasonably anticipated, La. Const, art. IV, § 8 provides that the Attorney General has no authority to institute a criminal prosecution absent an order of the court for good cause shown.

. I also question whether any other party but the State has a right to assert this exception. It seems to me that the exception from disclosure found in La. R.S. 44:3(A) exists for the benefit of the State and that the State is free to waive this exception, even if criminal litigation is pending or reasonably anticipated. This view is supported by La. R.S. 44:3(C), which as cited in part above, requires a contradictory hearing on this exception and provides that ”[a]ny appeal by the State or an officer, agency or department thereof shall be suspensive.” Thus, the legislature envisioned that only these parlies would have the right to appeal an adverse ruling ordering the release of the documents and correspondingly, only these parties have the right to assert it. In this case, the La. R.S. 44:3(A) exception was first brought up by CNN in its memorandum in support of its cross-claim and motion for mandamus and preliminary injunction in an effort to show that no exception existed that would prevent the release of these public records.