EDWIN A. LOMBARD, Judge.
| iThis appeal is from the trial court judgment granting a petition for a writ of mandamus filed by the Louisiana Capital Assistance Center (LCAC) requesting records related to cases involving the arrest of Michael Anderson. After review of the record in light of the arguments of the parties and applicable law, we affirm the judgment of the trial court.

Relevant Facts

In October 2009, an investigator for the LCAC requested records from the NOPD pertaining to three cases, two from 2005 and one from 2006, involving the arrest of Michael Anderson. After the NOPD failed to comply with the request, the LCAC filed a petition (naming Warren Riley, in his official capacity as Chief of the New Orleans Police Department (NOPD) and Custodian of Public Records, as defendant) *179 under the La. Public Records Act, seeking a writ of mandamus for production of the requested documents. The Office of District Attorney (DA) entered into the proceedings as an intervenor. Conceding that the records in the earlier 2005 case were public because the prescription period had expired, the DA argued at the contradictory hearing in February 2009 that records pertaining to the other two cases were exempt from disclosure under La.Rev.Stat. 44:3(A)(1) because the litigation period had not prescribed and it was the policy of the DA lythat litigation could be “reasonably anticipated” in any case in which the litigation period had not prescribed.
On March 24, 2010, the trial court rendered a written judgment, granting the LCAC’s petition for a writ of mandamus and ordering the NOPD to disclose the records relating to Anderson’s 2005 and 2006 arrest. On April 28, 2010, a petition for a suspensive appeal was filed and granted.

Discussion

The right of the public to access public records is a fundamental right guaranteed by the Louisiana Constitution. La. Const. Art. 12 § 3. There is no dispute that the records at issue in this case are public records as defined in La.Rev.Stat. 44:l(A)(2)(a). Rather, the only issue is whether the records are exempt from disclosure under La.Rev.Stat. 44:3(A)(1) which specifically exempts disclosure of “[r]ecords pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated.... ” It has long been established that determination of whether a particular record falls within the exemption provided by La.Rev.Stat. 44:3(A)(1) must be made on a case-by-case basis and that, in making this determination, the law “requires more than a judicial acceptance of an assertion of privilege by the prosecutor.” Cormier v. In re: Public Records Request of DiGiulio, 553 So.2d 806, 807 (La.1989); Conella v. Johnson, 345 So.2d 498, 501 (La.1977). Accordingly, the determination of whether criminal litigation is reasonably anticipated within the meaning of La.Rev.Stat. 44:3 is made within the context of a contradictory hearing to provide an opportunity for the presentation of evidence and cross-examination of witnesses because “[t]he determination must rest on more than an assertion by the prosecutorial authority that criminal litigation is or is not reasonably anticipated.” In re Matter Under Investigation, 2007-1853, p. 29 (La.7/1/09), 15 So.3d 972, 992. Accordingly, the determination of whether criminal litigation is reasonably anticipated is guided by objective factors such as (1) whether the litigation period has prescribed; (2) the temporal and procedural posture of each case; (3) whether criminal litigation has been finally adjudicated or otherwise settled; (4) the assertion of prosecutorial authority as to its intent (or lack thereof) to initiate criminal litigation; (5) whether the prosecutorial authority has taken objective, positive and verifiable steps to preserve its ability to initiate criminal investigation, including but not limited to, preserving evidence, maintaining contact with witnesses, and continuing an investigation; (6) the time it would take the prosecutor to appropriately investigate and prosecute the offense at issue; (7) the inherent authority of the prosecutorial authority under La.Code Crim. Proc. art. 61 to determine whom, when, and how he will prosecute; (8) the severity of the crime; (9) the availability of witnesses, victims, and defendants; (10) the spoliation of evidence; (11) the reasonable likelihood that a missing witness or absconded defendant might be found; and (12) the reasonable likelihood that additional witnesses might be willing to come forward with the passage of time. Id. at 30-31, 15 So.3d 972. The burden of prov *180 ing that a record is not subject to inspection, copying, or reproduction by a member of the public rests with the custodian. Id. at 31, 15 So.3d 972 (citing La.Rev.Stat. 44:31(3)).
As observed by the Louisiana Supreme Court, “[wjere the determination based solely on the testimony of the prosecutor, inconsistencies and caprice could enter the determination of whether the Public Records Act requires disclosure of the records at issue.” Id. at 30, 15 So.3d 972. Inexplicably, however, the only evidence offered by the DA at the contradictory hearing in this matter was testimony that it is the [^policy of the Orleans Parish District Attorney that criminal litigation could be reasonably anticipated in any case where the litigation period has not legally prescribed. Even more inexplicably, the only argument offered by the Orleans Parish District Attorney on appeal is that the Louisiana Supreme Court wrongly decided In re Matter Under Investigation and, in so doing, has impermissibly infringed upon its constitutional authority to make its own determination when records should be disclosed under the Public Records Act.

Conclusion

It is axiomatic that lower courts adhere to the precedential authority of higher courts and this court may not overturn a decision of the Louisiana Supreme Court. In this case, the DA abdicated its responsibility to come forward with any evidence to sustain its burden of proving that the records at issue were not subject to disclosure under the Public Records Act. The trial court did not err in following the guidelines enunciated by the Louisiana Supreme Court and, accordingly, we affirm the judgment of the trial court.
AFFIRMED.