CHEHARDY, Judge.
Lance Hill, a journalist, sued John Mam-oulides, District Attorney for the 24th Judicial District, Parish of Jefferson, and Captain Jimmy G. Day, Commander of the Criminal Intelligence Section of the Louisi *27 ana State Police Criminal Investigation Bureau, as public records custodians under the Louisiana Public Records Act, LSA-R.S. 44:1(A)(3). Hill sought to inspect and copy records relating to the investigation and disposition of criminal charges against William S. Demick and James R. Demick. Because the defendants had denied Hill access to those records, he sought a writ of mandamus to compel them to produce the requested items.
Mr. Mamoulides responded that his office had refused the charges against the Dem-icks; that his file on those individuals contained a disposition form recording the charges refused and copies of investigation reports provided by the Louisiana State Police; and that petitioner Hill had already been provided with copies of the disposition sheet. Mamoulides refused to provide petitioner with copies of the investigation reports; he contended the Office of the District Attorney is not the official custodian of those records, because the reports in question were not generated by that office. Further, because the investigation had not been conducted by his office, the District Attorney asserted that he was not aware whether the reports related to an ongoing prosecution, which would make them exempt from disclosure.
Captain Day responded to the petition by asserting that the reports were not subject to disclosure because they contained or would tend to reveal the identity of a confidential source of information. He stated that the records are held by the Department of Public Safety in its Criminal Intelligence Section of the Office of State Police. He claimed protection under LSA-R.S. 44:3(A)(2).
Subsequently Day supplemented his response by filing into the record of the proceedings a number of documents and other items he conceded were disclosable. He listed specifically those items he contended were privileged because they would tend to disclose the identity of a confidential informant:
(1)Case report by Sergeant Wong on the Demicks;
(2) Extract from tape recordings with C.I. which were transcribed;
(3) Application for search warrant of utility shed at 150 Airline West, Ken-ner, La.;
(4) Application for search warrant on trailer at 150 Airline West, Kenner, La., Lot 11;
(5) Affidavits of arrest for James Dem-ick, reference, conspiracy to commit aggravated arson and conspiracy to commit first degree murder;
(6) Affidavits of arrest for William Dem-ick, reference, conspiracy to commit aggravated arson and conspiracy to commit first degree murder; and
(7) Tapes and transcripts of various tapes which were used in the case report.
At the hearing on the petition for mandamus, Sergeant James Wong of the Louisiana State Police testified that he investigated the case involving the Demicks, that he used a confidential informant in the investigation, and that the confidential informant would not come forward with the information unless he was assured his identity could be kept secret. Sergeant Wong stated he promised to keep the confidential informant’s identity secret “for the duration ... as long as he was alive.”
In addition to hearing Sergeant Wong’s testimony, the trial judge inspected the disputed items himself. Based on his in camera inspection and the testimony, the judge concluded,
“[Tjhis informant had knowledge of the events under investigation and became an informant expecting his/her identity to remain secret. Disclosure under these circumstances would discourage the public from coming forward with information on the commission of covert crimes in the future and would erode the protection given confidential informants under the Act.”
The judge ruled that the records were privileged and refused to issue a mandamus. Hill has appealed.
*28 It is undisputed that the records involved are public records within the meaning of R.S. 44:1(A)(2). Hill contends the defendants failed to carry their burden of proving these records privileged and exempt from disclosure under LSA-R.S. 44:3(A)(2). Further, he argues, the defendants’ alleged failure to respond to his request within three days, as required by LSA-R.S. 44:32(D), constituted a waiver of their right to claim the privilege under R.S. 44:3(A)(2). R.S. 44:3 states, in pertinent part:
“A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety, marshals, investigators, correctional agencies, or intelligence agencies of the state, which records are:
* 3fC * ⅜ * *
(2) Records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information; ⅜ * *
% * * ⅝ sjs ⅜
“B. All records, files, documents, and communications, and information contained therein, pertaining to or tending to impart the identity of any confidential source of information of any of the state officers, agencies, or departments mentioned in Paragraph A above, shall be privileged, and no court shall order the disclosure of same except on grounds of due process or constitutional law. No officer or employee of any of the officers, agencies, or departments mentioned in Paragraph A above shall disclose said privileged information or produce said privileged records, files, documents, or communications, except on a court order as provided above or with the written consent of the chief officer of the agency or department where he is employed or in which he holds office, and to this end said officer or employee shall be immune from contempt of court and from any and all other criminal penalties for compliance with this paragraph. [Emphasis added.] “C. Whenever the same is necessary, judicial determination pertaining to compliance with this section or with constitutional law shall be made after a contradictory hearing as provided by law. * *
“D. Nothing in this section shall be construed to prevent any and all prosecu-tive, investigative, and law enforcement agencies from having among themselves a free flow of information for the purpose of achieving coordinated and effective criminal justice.”
In Fryar v. Guste, 371 So.2d 742 (La. 1979), our Supreme Court defined confidential informant as “one who has or claims to have knowledge of a particular criminal matter or event and is only willing to give such information to representatives of a law enforcement agency provided his identity is kept secret or in confidence.” In the Fryar case the investigator had not promised that the identity of his informants would be kept confidential, simply that the information they supplied would be held in confidence until required for official use. Under these circumstances, the court ruled, the requirements of R.S. 44:3 were not satisfied and therefore the plaintiff was entitled to inspect the statements at issue.
The Fryar court pointed out, “We have no thought of weakening any protection afforded by the statute to confidential informants, because we believe that without this assurance very few persons, if any, would come forth with information concerning the commission of covert crimes.”
We recognize the importance of access by the public to public records. We are aware that the law must be construed liberally in favor of free and unrestricted access to the records. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984).
We have reviewed the items in question and we find no abuse of discretion in the trial judge’s determination. We find *29 no merit in appellant’s argument that Sergeant Wong’s uncorroborated testimony was insufficient proof the informant would otherwise have refused to disclose the information. The trial judge believed Sergeant Wong and we find no reason to overturn that credibility finding. The statement in the Fryar case that “access to such reports may not be blocked by a simple statement from one of the investigators that persons furnishing information were assured of confidentiality” is inapposite under the facts here, because Sergeant Wong affirmatively testified he had promised to keep the informant’s identity confidential.
Nor do we find merit, under the circumstances here, to appellant’s assertion that the records could be edited or excised so that the identity of the informant remains confidential. We agree with the trial judge’s implicit determination that release of even part of these records would pose a danger to the informant.
Appellant also contests on appeal Mam-oulides’ contention that he is not required to disclose these records because he is not their official custodian. We find it unnecessary to discuss this issue because of our finding that the disclosure question is governed by the privilege accorded by R.S. 44:3.
Finally, appellant contends that because his initial requests for the records were not answered within three days, defendants waived their privilege to claim the records exempt.
LSA-R.S. 44:32(D) states,
“D. In any ease in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing[,] for such record, notify in writing the person making such request of his determination and the reasons therefor.”
Neither the statutes nor the jurisprudence authorize any waiver of the exemption of privileged records from disclosure. Instead, LSA-R.S. 44:35 provides that enforcement of the right to inspect is by application for a writ of mandamus or in-junctive or declaratory relief:
“A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
“B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.”
In addition, LSA-R.S. 44:37 establishes penalties, by fine or imprisonment, for violation of the Public Records Act by custodians of public records.
For the foregoing reasons, the judgment of the district court is affirmed. Costs are assessed against appellant.
AFFIRMED.