Lisa CAMPBELL

v.

TOWN OF MACHIAS, et al.

Supreme Judicial Court of Maine.

Argued March 13, 1995.

Decided July 19, 1995.

</div>

Ralph A. Dyer (orally), Law Offices of Ralph A. Dyer, P.A., Portland, for plaintiff.

William B. Talbot (orally), Carletta M. Bassano, Talbot & Talbot, Machias, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Lisa Campbell appeals from the judgment entered in the Superior Court (Washington County, Alexander, J.) denying her access to documents in the possession of the Machias Police Department. She contends that the department was obliged to grant her access to the documents under Maine's Freedom of Access Act, 1 M.R.S.A. §§ 401–410 (1989 & Supp.1994) [hereinafter "Act"]. We disagree, and accordingly affirm the judgment.

## Background

Lisa Campbell met with an officer of Machias Savings Bank in January of 1993 to discuss a delinquent loan. Her loan file was missing from the bank after Campbell left the meeting. The bank filed a complaint with the Machias Police Department against Campbell for theft of the file. A Machias police officer investigated the matter and submitted a report to the Department, which forwarded it to the Office of the District Attorney for Prosecutorial District VII (Hancock and Washington Counties).

On or about August 25, 1993, Campbell went to the Machias Police Department and asked to review all of the documents relating to the bank's complaint against her. The Chief of Police would not allow her to see the records because the investigation was ongoing. Campbell's attorney thereafter made a written request for the documents. The Department did not respond to his request. The attorney sent another letter that also was not answered.

The Chief delivered Campbell's written requests to the District Attorney's office in Machias and requested guidance.[1] He received no instruction prior to leaving for a training program on October 11, 1993. In the meantime, the Machias Police Department received a third written request from Campbell's attorney for access to the records. This request was identified as a request pursuant to the Freedom of Access Act.

Campbell's attorney called the Department on October 19, 1993, to inquire about the status of the request. He was informed that he would have to wait until the Chief returned for an answer. Shortly thereafter, counsel for Campbell wrote to the District Attorney requesting that he initiate a complaint against the Chief for an alleged violation of the Act.[2]

---

1. Pursuant to 16 M.R.S.A. § 614(2)(A) (1983), intelligence and investigative information may be disseminated if authorized by the District Attorney for the district in which the subject of the investigation will be tried.

2. In making this request, counsel for Campbell evidently relied on 1 M.R.S.A. § 410, that provides:

 For every willful violation of this subchapter, the State government agency or local government entity whose officer or employee committed the violation shall be liable for a civil

The Chief returned to work on October 25, 1993. The third written request was brought to his attention for the first time. He was served with the complaint in this proceeding almost simultaneously and, therefore, took no action on the request.

In November, an assistant district attorney wrote to Campbell's attorney to inform him that no complaint would be initiated against the Chief because the office considered the documents in question to contain confidential intelligence and investigative information, and their release might interfere with law enforcement activities. Several months later, the District Attorney wrote to the Chief and stated that he should not furnish the documents to Campbell or her attorney. The District Attorney reiterated his position that the documents were confidential and that there was a reasonable possibility that the dissemination would interfere with future prosecution of the case. To date, no criminal proceedings have been filed against Campbell. The District Attorney's office has not made a final determination on prosecution.

On the basis of stipulated facts, the trial court entered judgment for the Town. Thereafter, the District Attorney disclosed the contents of his investigative file to Campbell in response to a subpoena issued by the United States District Court in an action brought by Campbell against Machias Savings Bank.

### Mootness

■ The disclosures by the District Attorney do not make this case moot. First, the Act requires a prompt response from the governmental body from which information is sought. 1 M.R.S.A. § 409(1).[3] A govern-

mental body cannot moot a claim of violation of the Act by making disclosure long after the original request. Second, Campbell claims that disclosure by the District Attorney was incomplete. The record reveals that she requested documents which she has not received. There is still a live controversy between the parties. *See Dyer v. Town of Cumberland*, 632 A.2d 145 (Me.1993).

### Waiver

■ Contrary to Campbell's contention, the failure to respond to a Maine Freedom of Access request within the time frame set forth in the statute does not constitute a waiver of the right to withhold the documents at issue. Such a failure to respond is deemed a denial of the request for the documents. *See, e.g., Hill v. Mamoulides*, 482 So.2d 26, 29 (La.App.1986); *Pennington v. Washtenaw County Sheriff*, 125 Mich.App. 556, 336 N.W.2d 828, 832 (1983); *see also* 37A AM.JUR.2D *Freedom of Information Acts* § 430 (1994).

### Investigative Records Exception

■ Campbell submits that she has a right under the Act to examine the documents in possession or control of the Machias Police Department relating to the complaint filed against her by Machias Savings Bank. She contends that the requested information is not excepted by the Act. The Town argues that the records have been designated by statute as confidential and are excepted from the Act.

■ The Act provides that:

*Except as otherwise provided by statute,* every person shall have the right to inspect and copy any public record during

---

violation for which a forfeiture of not more than $500 may be adjudged.

3. 1 M.R.S.A. § 409(1) provides in pertinent part:
 **1. Records.** If any body or agency or official, who has custody or control of any public record, shall refuse permission to so inspect or copy or abstract a public record, this denial shall be made by the body or agency or official in writing, stating the reason for the denial, within 5 working days of the request for inspection by any person. Any person aggrieved by denial may appeal therefrom, within 5 working days of the receipt of the written

notice of denial, to any Superior Court within the State. If a court, after a trial de novo, determines such denial was not for just and proper cause, it shall enter an order for disclosure.

Campbell did not pursue an appeal. That fact does not affect her right to bring this action. The proceedings authorized by § 409 are not exclusive of any other civil remedy provided by law. 1 M.R.S.A. § 409(3). Therefore, failure to appeal pursuant to § 409(1) does not bar an independent action for disclosure.

the regular business hours of the custodian or location of such record....

1 M.R.S.A. § 408 (emphasis added). A provision of the Criminal History Record Information Act, 16 M.R.S.A. §§ 611–622 (1983 & Supp.1994), states:

Reports or records in the custody of a local, county or district criminal justice agency ... containing intelligence and investigative information are confidential and may not be disseminated if there is a *reasonable possibility* that public release or inspection of the reports or records would:

A. Interfere with law enforcement proceedings; ....

16 M.R.S.A. § 614(1)(A) (emphasis added). The language of this exception in the Maine Act is nearly identical to the corresponding provision of the federal Freedom of Information Act provision:

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information

(A) *could reasonably be expected* to interfere with enforcement proceedings....

5 U.S.C. § 552(b)(7) (Pamph.1995) (emphasis added). Cases arising under the federal act are useful in analyzing the scope of Maine's act.

 Under the federal act, information that will prematurely reveal the scope, nature or direction of the government's case may be withheld. *Alyeska Pipeline Service*

**4.** The letter states, in relevant part:

Under the Criminal History Record Information Act (16 M.R.S.A. § 611–§ 622) and especially section 614, your reports are confidential and may not be disseminated if there is a reasonably possibility that public release or inspection of the reports or records would interfere with law enforcement proceedings.

Although we are not authorizing criminal prosecution at this time, that does not mean that prosecution will not be commenced in the future. More evidence may come to light tying in Ms. Campbell with the theft of her records. Furnishing what in essence is discovery before a formal charge is filed could compromise our case, interfere with the ferreting out of more evidence, and result in harassment of witnesses.

*Co. v. United States EPA,* 856 F.2d 309, 312–13 (D.C.Cir.1988) (government's case concerned numerous violations of environmental protection statutes). Information that would allow the target of a criminal investigation to construct defenses or to fabricate alibis, or information that creates the possibility of harassment or intimidation of witnesses, may also be withheld. *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 239, 98 S.Ct. 2311, 2325, 57 L.Ed.2d 159 (1978) (government's case concerned unfair labor practices). Finally, information that could result in the destruction of evidence may be withheld pursuant to this exception. *Lewis v. IRS,* 823 F.2d 375, 378 (9th Cir.1987) (government's case concerned investigation of failure to file income tax returns). *See also* 37A Am.Jur.2d § 303.

In his letter to the Chief, the District Attorney advised that the records Campbell was requesting should not be disclosed because more evidence might be developed. He did not want to compromise the case by providing discovery prior to a formal charge being lodged. He was also concerned that disclosure could interfere with the collection of evidence and might result in the harassment of witnesses.[4]

We reject Campbell's contention, based on *North v. Walsh,* 881 F.2d 1088 (D.C.Cir. 1989), that the Town failed to make a particularized showing sufficient to fall within the investigatory records exception. The *North* case contemplates the kind of showing approved in the foregoing federal cases.[5]

**5.** *North* includes this analysis of section 7(A) of the federal act:

[c]ase law illustrates the type of 'interference' at which section 7(A) is directed. In the seminal case, *NLRB v. Robbins Tire & Rubber Co.,* the Supreme Court held that exemption 7(A) permitted the National Labor Relations Board to withhold potential witnesses' statements collected during an unfair labor practice investigation at least until completion of the Board's hearing. 437 U.S. at 236, 98 S.Ct. at 2324....

Similarly, in *Alyeska Pipeline Service Co. v. United States EPA,* 856 F.2d 309 (D.C.Cir. 1988), this court held that exemption 7(A) permitted the EPA to withhold documents related to an ongoing investigation from the investigation's target because disclosure would reveal the scope and direction of the investigation and could allow the target to destroy or alter

■ Finally, the fact that two years have passed since the initial filing of the criminal complaint in this case does not compel disclosure. "A record of investigation which qualifies as a confidential law enforcement investigatory record does not forfeit its statutory protection merely because there has been a passage of time with no forthcoming enforcement action." 37A AM.JUR.2D § 299. *See, e.g., State ex rel. Polovischak v. Mayfield,* 50 Ohio St.3d 51, 552 N.E.2d 635 (1990) (investigation began 4 years prior to court action with no enforcement action taken though case still open). "If the investigation is open or there is a reasonable possibility of future law enforcement proceedings at the time of the request, the documents are exempt." *Church of Scientology of Texas v. IRS,* 816 F.Supp. 1138, 1157 (W.D.Tex.1993). The trial court properly determined that the Town did not act improperly in refusing to deliver the requested documents to Campbell or her attorney.

The entry is:

Judgment affirmed.

All concurring.

evidence, fabricate fraudulent alibis, and intimidate witnesses. *Id.* at 312–13; *see also, e.g., Lewis v. IRS,* 823 F.2d 375, 378 (9th Cir.1987) (exempting from disclosure documents relating to criminal investigation because release of those documents would reveal scope of IRS's case against defendant and names of witnesses and might lead to tampering with evidence).... *North,* 881 F.2d at 1097–98.