### BANGOR PUBLISHING CO.

*v.*

### TOWN OF BUCKSPORT et al.

Supreme Judicial Court of Maine.

Argued June 10, 1996.
Decided Aug. 16, 1996.

Bernard J. Kubetz, Thad B. Zmistowski (orally) Eaton, Peabody, Bradford & Veague, Bangor, for Plaintiff.

Catherine R. Connors (orally), Pierce, Atwood, Portland, Michelle M. Robert, Department of Attorney General, Augusta, Robert J. Crawford, Bernstein, Shur, Sawyer & Nelson, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

Bangor Publishing Company appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) in favor of the defendants, the Town of Bucksport, Champion International Corporation, and the State Board of Property Tax Review. The court held that Bangor Publishing has no right, pursuant to the Freedom of Access Act, 1 M.R.S.A. §§ 401–410 (1989 & Supp. 1995) (the Act), to compel disclosure of documents filed by Champion in tax abatement proceedings before the Town and the Board because a prior court protective order provided that the documents were exempt from disclosure. Bangor Publishing argues that the court erred in holding that the protective order constituted just and proper cause for the Town and the Board to deny disclosure of the information, and in finding that Champion did not waive the trade secret privilege established in the prior order. We affirm the judgment.

In 1992 Champion sought an abatement of its property taxes on a mill it owns and operates in Bucksport. The abatement was denied by the Bucksport assessor. Champion sought review of the assessment at the local level, but was denied relief. Champion then appealed to the State Board of Property Tax Review.[1]

In January and March 1994, the Town's assessor sent to Champion a 63–paragraph "Property Tax Information Request," seeking information to assist him in assessing the Bucksport mill for the 1994 tax year. *See generally Champion Int'l Corp. v. Town of Bucksport,* 667 A.2d 1376, 1377 (Me.1995). Champion believed it was required, pursuant to 36 M.R.S.A. § 706 (1990), to respond to the request or risk the loss of its right to apply for an abatement. *Id.*

In February 1994 Champion entered into a confidentiality agreement with the Town, the assessor, and the Town's appraisal experts. They agreed that certain business information sought by the Town in the course of the tax appeal proceedings would not be publicly disclosed. Champion requested that the Board be included as a party to the confidentiality agreement. The Board informed Champion that it did not have the authority to protect documents from disclosure pursuant to the Act. The Board advised Champion to obtain a court order mandating the sealing of specific documents. Naming the Board, the assessor, and the Town as parties, Champion sought such an order in the Superior Court. In November 1994, the court (*Mills, J.*) granted Champion's request and entered a protective order pursuant to M.R.Civ.P. 26(c)(7). The order states:

The Court finds that the documents and other information listed in Attachment A, which attachment is attached to and made a part of this Order, are confidential and contain trade secrets and other business sensitive information; that the submission of the documents and other information listed in Attachment A is necessary for the Parties full presentation of their respective positions in the State Board Docket No. 93–98 proceedings; and that Champion has shown good cause for non-disclosure of the

---

1. The parties settled the tax appeal after the Board's ruling.

documents and other information listed in Attachment A.

The order specifically states that the documents are privileged pursuant to M.R.Evid. 507[2] and are not "public records" pursuant to the Act.

Although Bangor Publishing learned of the protective order two weeks after it was issued, it has not directly challenged the order. Instead, in January 1995, it submitted written requests pursuant to the Act to disclose the documents held by the Town and the Board. Bangor Publishing was given access to those documents for which no claim of confidentiality had been made. The Town denied the request for access to any documents designated as confidential based on the confidentiality agreement. The Board denied the request for access to any documents found privileged by the protective order. Bangor Publishing then brought separate actions, pursuant to 1 M.R.S.A. § 409 (1989),[3] against the Town and the Board to compel disclosure. Champion intervened in the actions, which were later consolidated.

After a hearing in February 1995, the court (*Alexander, J.*) granted judgment in favor of the Town, Champion, and the Board. The court held that Bangor Publishing's actions were improper collateral attacks on the protective order and that Champion did not waive any privilege established by the protective order by disclosing the documents to the Town or the Board because such disclosure was a result of compulsion. This appeal followed.

■ The issue before us is whether documents may be obtained pursuant to the Act when the documents have been ruled exempt from disclosure by a protective order. Bangor Publishing argues that the court erred in holding that the protective order constituted just and proper cause for the Town and the Board to deny disclosure of the information, suggesting that the purpose of the Act would be frustrated if governmental entities were allowed to conspire with taxpayers to obtain a preemptive court ruling prohibiting access to public documents. Bangor Publishing contends that it should not be required to seek a removal of the protective order prior to bringing its actions because (1) it would disturb the expedited enforcement procedure set forth in the Act and (2) it would cause an impermissible shift in the burden of proof by placing on Bangor Publishing what should be the agency's burden, namely, to show that the denial of access was for just and proper cause. We disagree.

Contrary to Bangor Publishing's contentions, the actions are impermissible collateral attacks on a valid protective order. Bangor Publishing could have intervened in the protective order action to assert its interest. The protective order, as it stands, is just and proper cause for the nondisclosure of the documents. The court specifically found that the documents are privileged trade secrets and are not "public records" pursuant to the Act.

In *Campbell v. Town of Machias*, 661 A.2d 1133, 1136 (Me.1995), we stated that cases arising under the federal Freedom of Information Act, 5 U.S.C.A. § 552 (West 1996) (the Federal Act), are useful in analyzing the scope of our Act. We are assisted by the Supreme Court's analysis of a similar issue

**2.** M.R.Evid. 507 states:

A person has a privilege, which may be claimed by him or his agent or employee, to refuse to disclose and to prevent other persons from disclosing a trade secret owned by him, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. When disclosure is directed, the court shall take such protective measures as the interest of the holder of the privilege and of the parties and furtherance of justice may require.

**3.** 1 M.R.S.A. § 409 (1989) provides in part:

**1. Records.** If any body or agency or official, who has custody or control of any public record, shall refuse permission to so inspect or copy or abstract a public record, this denial shall be made by the body or agency or official in writing, stating the reason for the denial, within 5 working days of the request for inspection by any person. Any person aggrieved by denial may appeal therefrom, within 5 working days of the receipt of the written notice of denial, to any Superior Court within the State. If a court, after a trial de novo, determines such denial was not for just and proper cause, it shall enter an order for disclosure. Appeals shall be privileged in respect to their assignment for trial over all other actions except writs of habeas corpus and actions brought by the State against individuals.

concerning the Federal Act in *GTE Sylvania, Inc. v. Consumers Union of the United States*, 445 U.S. 375, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980). The Court was asked to decide whether a court of appeals erred in holding that persons seeking information may obtain documents under the Federal Act when the agency with possession of the documents has been enjoined from disclosing them by a federal district court. In concluding that the court of appeals erred, the Court stated that "[t]here is nothing in the legislative history to suggest that in adopting the Freedom of Information Act to curb agency discretion to conceal information, Congress intended to require an agency to commit contempt of court in order to release documents." *GTE Sylvania*, 445 U.S. at 387, 100 S.Ct. at 1202. The Court held that because a court of competent jurisdiction enjoined the release of the information, the agency did not "improperly" [4] withhold the information within the meaning of the Federal Act; rather, it was required to obey the injunction out of respect for the judicial process. *Id.*

The Town and the Board in the instant case properly refused to disclose the documents that had been ruled exempt by the protective order. Both were parties to the protective order; thus each would be in contempt for violating a court order if they disclosed the confidential documents.

■ Bangor Publishing attempts to distinguish *GTE Sylvania* on three grounds. First, it argues that in that case the information was submitted to the agency by compulsion, whereas in the instant case Champion was under no compulsion to submit the tax information. In view of the Superior Court's finding that the Town compelled Champion to disclose the tax information, that argument is without merit. We reject Bangor Publishing's contention that the submission of materials necessary to the

Board's adjudication of Champion's appeal was not compulsion because Champion had voluntarily appealed the denial of its tax abatement request. Moreover, the court's finding is supported by the record and recognizes the reality of Champion's situation: if Champion had not complied with the Town's request for information, it would have risked losing its right to apply for an abatement. Although we decided in *Champion Int'l Corp. v. Town of Bucksport*, 667 A.2d at 1377, that Champion had not violated section 706 and did not lose the right to seek an abatement of 1994 taxes by its failure to give a complete response to the assessor, our decision was rendered more than a year after Champion had furnished information to the Town.

■ Second, Bangor Publishing argues that in *GTE Sylvania* the agency did not exercise discretion in denying access to the documents, whereas in the instant case the Board did exercise such discretion. Again, this argument is without merit. In this case, the Board took no position on the propriety of designating Champion's documents as confidential. Rather, it merely complied with a court order prohibiting disclosure. Contrary to Bangor Publishing's argument, the Board did not exercise discretion in refusing to disclose the documents. *GTE Sylvania*, 445 U.S. at 386, 100 S.Ct. at 1201–02.

■ Finally, Bangor Publishing argues that in *GTE Sylvania* the persons seeking information chose not to participate in the proceedings that resulted in an injunction prohibiting disclosure, while in the instant case Bangor Publishing did not participate in the protective order proceeding because it had no notice of the proceeding and because it lacked standing to intervene. Bangor Publishing, however, could file a motion to intervene as a third party in the protective order proceeding pursuant to M.R.Civ.P. 24(a).[5]

---

**4.** The Federal Act has a provision stating that district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld," 5 U.S.C.A. § 552(a)(4)(B) (West 1996), which is similar to section 409 of Maine's Act giving the Superior Court jurisdiction to compel disclosure of documents if the request was denied without "just and proper cause."

**5.** M.R.Civ.P. 24(a) provides:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action

*See, e.g., Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3rd Cir.1994) (newspaper could intervene for limited purpose of modifying or vacating confidentiality order even after underlying dispute between the parties has long been settled).

In order for a nonparty to intervene as a matter of right, it must satisfy three criteria: (1) it must claim an interest in the property or transaction that is the subject of the action; (2) it must be so situated that the disposition of the action may impair or impede its ability to protect its interests; and (3) its interest must not be adequately represented by the existing parties to the action. *Doe v. Roe,* 495 A.2d 1235, 1237 (Me.1985). In that case, Bangor Publishing sought disclosure of an impounded settlement agreement concerning private litigation. *Id.* at 1237–38. We held that Bangor Publishing did not have an interest sufficient to intervene as of right pursuant to M.R.Civ.P. 24(a) to obtain disclosure of the impounded settlement agreement. Although Bangor Publishing was interested in discovering and publishing the identities of the parties and the terms of the settlement, neither it nor the public had a direct interest at stake in the underlying personal injury claim itself. *Id.* In *Doe v. Roe,* Bangor Publishing was not asserting a right of disclosure pursuant to the Act; in the present case it is. Thus it is likely that Bangor Publishing could satisfy the criteria for intervention in the protective order action.

The court correctly determined that the protective order constituted just and proper cause for the Town and the Board to deny disclosure of the information.[6] Our conclusion is supported by *GTE Sylvania* and avoids the disservice to the orderly administration of justice that would result if the Town and the Board were subject to conflicting orders from the court.

and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The entry is:

Judgment affirmed.

All concurring.

**6.** Because we conclude that the protective order constituted just and proper cause for the Town and the Board to deny disclosure, we do not reach Champion's alternative arguments for affirming the judgment pursuant to the Uniform Trade Secrets Act, 10 M.R.S.A. §§ 1541–1548 (Supp.1995).