STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-37
SKS- KEN - 3/8/2004

CONSUMERS FEDERATION
OF AMERICA, CALIFORNIA
CONSUMERS HEALTH CARE
COUNCIL, and UNITED
POLICYHOLDERS,

      Plaintiffs / Appellants

      v.

MAINE BUREAU OF INSURANCE,

      Defendant / Appellee

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

APR 27 2004

This matter comes before the court on an action pursuant to the Maine Freedom

of Access Law as an appeal from a decision of the Superintendent of the Maine Bureau

of Insurance (Bureau) denying access to certain information filed with the Bureau.

Since the court finds that the information in question does qualify as a "public record"

whose disclosure is not otherwise protected, and the Superintendent's denial is no

longer for "just and proper cause," the court will grant the appeal and order access to

this information for the plaintiffs.

## Background

The information being sought by the plaintiffs is an unredacted copy of a report

prepared by the accounting firm of Arthur Andersen for the Bureau of Insurance Staff

Advocacy Panel in 1999. The report was prepared for this *pro tem* subdivision of the

Bureau as part of the adjudicatory proceedings required on the application for merger

of UNUM Life Insurance Company of America and Provident Company, Inc. The

panel was appointed by the Superintendent to assist in this review. The report was

presented to the Superintendent as part of the evidence concerning the merger.

However, the Panel wanted the report considered as confidential and, presumably, not part of the public record. On June 14, 1999, the Superintendent executed what he called a "protective order" which designated certain portions of the report as confidential but allowed dissemination of other portions of the report.

Over a year and a half later in June of 2002, the plaintiffs herein sought public access from the Superintendent for the entire report under the Freedom of Access Law (FOA). On December 13, 2002, the Superintendent denied the request for access to a complete unredacted copy of the report, but did make public several areas of the report which previously had been determined by the Superintendent to be confidential. On July 29, 2003, the appellants renewed their FOA request, which was denied. On August 25, 2003, the plaintiffs filed a timely complaint with this court seeking review of the Superintendent's last denial.

## Discussion

The first consideration in any action under the FOA is the Legislature's declaration of public policy that government action should be taken openly and records should be open to public inspection. In advancing this policy, the Legislature has stated, "This subchapter shall be liberally construed and applied to promote its underlying purposes and policies as contained in the declaration of legislative intent." 1 M.R.S.A. § 401. Therefore, the examination begins favoring openness and disfavoring confidentiality. Generally speaking, "Except as otherwise provided by statute, every person shall have the right to inspect and copy any public record . . ." 1 M.R.S.A. § 408. In the event of a denial of disclosure, the person who made the request may appeal from that decision, as in the present case. "If a court, after a trial de novo, determines such denial was not for just and proper cause, it shall enter an order for disclosure." 1

M.R.S.A. § 409. This "just and proper cause" standard is what will be used in the court's examination.

The FOA law is not the only source of statutory guidance concerning the Bureau's records. The Legislature also has provided, "All records of the bureau are subject to public inspection, except as otherwise expressly provided by law as to particular matters . . ." 24-A M.R.S.A. § 216(2). Primary among those records made confidential are records in conjunction with investigations or prosecution of disciplinary action and violation of the Insurance Code. In addition, documents acquired by the Superintendent or his staff "in the course of an examination" of a domestic insurer are specifically given confidential treatment by statute. 24-A M.R.S.A. § 225(3). However, the procedure for which the Arthur Andersen Report was prepared does not appear to be such "examination." Even in the case of such examinations, the report itself, except for information concerning an individual insured or applicant for insurance, eventually becomes filed in the Bureau as a public record. 24-A M.R.S.A. § 227. In summary, the Insurance Code does not provide a clear answer as to whether the Arthur Andersen Report is or is not a public record otherwise entitled to public review, but it tends to favor public access.

In the face of the legislative preference for free public access to public records, the Bureau makes two arguments; first, that valid protective orders remain in effect, and second, that the Andersen Report is not a "public record." These arguments will be discussed separately below.

I.     Protective Orders

As noted above in the background summary,   during the 1999 merger proceeding, the Superintendent issued two protective orders deeming certain portions of the Andersen Report confidential. Three years later, acting on the request of the

plaintiffs in the present action, the Superintendent made available for public review a number of the portions of the report which he had earlier deemed to be confidential, but continued his protective order with regard to the remaining portions. Pointing to these protective orders, the Bureau cites *Bangor Publishing Co. v. Town of Bucksport, et al.*, 682 A.2d 227, 231 (Me. 1996) for the proposition that "the protective order constituted just and proper cause for the [governmental body] to deny disclosure of the information." Unfortunately for this argument, the *Bangor Publishing Co.* case is clearly distinguishable by the fact that the protective order in that case was issued by an independent third party – the Superior Court – rather than by the same administrative decision-maker who is also the custodian of the records. The holding in *Bangor Publishing* was that the custodian of the records when faced with a protective order from the Superior Court need not risk the possibility of being held in contempt of that court by honoring a request under the Freedom of Access Law. In those circumstances, the existence of the independent court protective order would constitute "just and proper cause" to deny disclosure.

The protective order argument also fails because it places at issue the wrong decision by the Superintendent. Assuming the validity of the Superintendent's earlier protective orders[1], they are not the decision of the Superintendent that is under appeal. Stated differently, it is not the 1999 or 2002 decisions by the Superintendent to keep portions of the report confidential. It is the Superintendent's denial of access dated January 17, 2003, which is immediately before the court. The Superintendent has already demonstrated that the passage of time must make some portions of the

---

[1] The plaintiffs have not challenged the Superintendent's authority to issue such protective orders, even though the statute granting the Superintendent's adjudicatory authority seems to be silent on this issue except when the records have been obtained from another jurisdiction where they are considered to be confidential.

documents less deserving of confidential treatment since he decided to expand that portion of the report which had been previously confidential but was released with the December 2002 decision. Therefore, assuming that these portions of the report were properly deemed confidential in the first place, the "protective order" argument fails to show why continued confidential treatment remains "just and proper."

## II.    Public Records.

The Bureau also argues that the redacted portions of the report are not "public records" within the definition given in the FOA concerns an exception in that definition. That exception is for records of a nature that would be privileged against discovery or use as evidence in court. 1 M.R.S.A. § 402(3)(B).[2] In the present case, the Bureau points to M.R. Evid. 507 which creates a privilege from disclosing a "trade secret." The portions of the report which remain redacted are considered by the Superintendent to be of a proprietary nature referring to "commercially sensitive financial, claims related, and policyholder information." However, there is no articulated reasoning for why this is so, other than because the insurers say that it is. The court has reviewed the entire unredacted report and, with one exception, concludes that if this information was somehow a trade secret or proprietary information entitled to confidentiality in 1999, there is no continuing reason for such treatment five years later. The one exception would be Exhibit D to the "Market Conduct Compliance Manual" in which a list of individual policyholders is identified by name.

---

[2] "The term 'public records' means any written . . . matter . . . that is in the possession or custody of an agency or public official of this state . . . received or prepared for use in connection with the transaction of public or governmental business . . . except:
    B.    Records that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding;"

In summary, the Legislature has chosen to make free access to public records the default record status under the FOA. Therefore, it is the public agency, i.e., the Bureau, which bears the burden of proving that the Superintendent had just and proper cause for denying the FOA request. Neither the Superintendent's own prior protective orders or trade secret argument convinces the court that just and proper cause continues to exist, with the exception of any individual personal identification of policyholders by name.

In light of the foregoing, the entry will be:

The appeal is GRANTED and REMANDED to the Bureau of Insurance for disclosure of the Arthur Andersen Report in its entirety except for the listing of individual policyholders by name.

Dated: March 8, 2004

S. Kirk Studstrup
Justice, Superior Court

| Date Filed | 7/1/03 | Kennebec | Docket No. | AP03-37 |
|---|---|---|---|---|

County

Action _____ 80C Appeal

# J. STUDSTRUP

Consumer Federation of America,
California Consumers Health Care Council and
United Policyholders

Department of Insurance
and
Attorney General

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Robert Morris, Esq.<br>52 Center Street<br>Portland ME 04101 | Thomas C. Sturtevant, Jr., AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 7/2/03 | Appeal from Denial of Access to Public Records, filed. s/R. Morris, Esq. |
| 7/21/03 | Entry of Appearance and Statement of Position, filed. s/Sturtevant, Jr., AAG. Apellees' Motion to Dismiss with Affidavit of Thomas M. Record, filed. s/Sturtevant, Jr., AAG |
| 9/2/03 | First Amended Complaint & Appeal From Denial of Access to Public Records; (copy) Written Consent and Proposed Order, filed. |
| 9/5/03 | ORDER ON AMENDED COMPLAINT, STUDSTRUP, J.<br>Copies mailed to attys of record. |
| 9/26/03 | Defendant's/Appellee's Answer to First Amended Complaint, filed. s/ Sturtevant, Jr., AAG |
| 10/27/03 | HEARING/CONFERENCE RECORD, Studstrup, J.<br>Attorney Morris, Anderson and Sturtevant participating in conference call.<br><br>The entry will be:<br>1) Appellees motions to dismiss is itself dismissed as moot.<br>2) Appellees to provide a log of redacted portions of the Arthur Anderson report by 11/7/03.<br>3) Appellants to file brief within 20 days of filing of log.<br>4) Appellees to file response brief and full report by 30 days thereafter.<br>5) Appellants to file reply by 15 days thereafter.<br><br>Copies mailed to attys of record. |
| 10/28/03 | Defendant's/Appellee's Privilege Log, filed. s/Sturtevant, Jr., AAG |
| 10/30/03 | Plaintiff's Motion for Appearance of Counsel Pro Hac Vice along with $200.00, filed. s/R. Morris, Esq. |
| 11/17/03 | Appeal from Denial of Access to Public Record, filed. s/Morris, Esq. Affidavit of Eugene E. Anderson, Esq. (2 vols.) |