STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 DEC 27 A 9: 27

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-38
REC - CUM - 12/27/2004

JAMES P. MOORE
                Petitioner


            v.                          ORDER ON 80C APPEAL
                                        OF FINAL AGENCY ACTION



COL. CRAIG A. POULIN
and
G. STEVEN ROWE,
ATTORNEY GENERAL
                Respondents


## FACTUAL BACKGROUND

This matter is before the court on petitioner's 80C petition for judicial review of

final agency action on a stipulated record. This appeal stems from petitioner's request,

under the Maine Freedom of Access Act (FOAA), 1 M.R.S.A. §§ 401-410, seeking access

to documents relating to the Maine State Police's investigation of the murder of Sarah

Cherry.[1] The records petitioner requested are explicitly subject to public access

pursuant to an act passed by the Legislature in 2003 to "[R]elease the Records of the

Attorney General and Maine State Police Regarding the Investigation, Prosecution and

Trial of Dennis Dechaine." P. & S.L. 2003, ch. 18. Under that Act all "intelligence and

investigative information contained in the reports and records of the Department of the

Attorney General prepared by or at the request of the department relating to the

---

[1] Sarah Cherry was a 12 year-old girl who disappeared from her home in Bowdoin, Maine on July 6, 1988 and was later found murdered. *State v. Dechaine*, 572 A.2d 130, 131 (Me. 1990). Dennis Dechaine was charged with the crime and, in March 1989, a jury found Mr. Dechaine guilty of murder, kidnapping and gross sexual misconduct. *Id.* at 131-32. In March 1990, the Law Court affirmed the convictions. *Id.* at 136.

unlawful homicide of Sara [sic] Cherry" could be disclosed under the FOAA. *Id.* In response to petitioner's FOAA request, respondents made available a large number of documents relating to the State's investigation of Sarah Cherry's homicide.

After reviewing the documents initially released by the respondents, petitioner believed that the materials made available to him were not complete. Accordingly, he submitted another request, directed to the Maine State Police, requesting "all records, files, reports and memoranda of the Maine State Police relating in any way to the investigation of the Sarah Cherry homicide." Record at Tab 3. Respondents initially assured petitioner that the State Police files he requested were contained in the files that had previously been reviewed by petitioner. *Id.* at Tab 5. After petitioner insisted, however, that the respondents' release of information was incomplete and specifically cited documents he believed existed but that had not yet been released,[2] respondents again searched their files, located additional, responsive documents and provided them to petitioner.

Subsequently, petitioner again contacted respondents with his belief that there were still more existing and unaccounted for documents responsive to his FOAA request. He also filed this 80C appeal, seeking an order of disclosure of the respondents' entire file. Since the filing of the petition, respondents have contacted two former investigators, both of whom are retired, to inquire whether they were aware of the existence or location of any of the documents petitioner alleged were missing. One of the retired investigators produced personal notebooks as well as micro-cassettes relating to the investigation. *See* Doyle Aff. at ¶ 22. Those materials have been made available to petitioner. Joint Stipulation at ¶¶ 1 & 2.

---

[2] For example, petitioner indicated that he believed a "canine incident report" existed but that he had not seen one in the files he reviewed. Petitioner also referenced "lead sheets," documenting tips the police may have received during the course of their investigation and any follow-up that may have been conducted. *See* Record at Tabs 6 & 10.

Petitioner alleges that there are other documents responsive to his FOAA request that have not been made available to him. He therefore seeks an order of disclosure from the court compelling respondents to make available to him a complete copy of the film on which the relevant documents are stored. Petitioner argues that only a review of the film-stored file and an opportunity to compare it with the documents already made available to him will enable him to satisfy himself that respondents have fully complied with his FOAA request. Respondents maintain that they have fully complied with the FOAA and provided petitioner access to every document and record in their possession relating to the Sarah Cherry homicide investigation.

## DISCUSSION

Section 408 of the FOAA provides that "every person shall have the right to inspect and copy any public record." *Id.* Pursuant to P. & S.L. 2003 ch. 18,[3] the records of the Department of the Attorney General relating to Sarah Cherry's homicide and the State's investigation of Dennis Dechaine are subject to disclosure. Petitioner's FOAA request, therefore, is valid insofar as it does not seek photographs of the victim or documents excepted from disclosure under 16 M.R.S.A. § 614 (1983 & Supp. 2003).[4] *See* P. & S.L. 2003, ch. 18 and 1 M.R.S.A. § 408.

---

[3] The Act, in relevant part, reads: "[T]he intelligence and investigative information contained in the reports and records of the Department of the Attorney General prepared by or at the request of the department before July 1, 1995 relating to the unlawful homicide of Sara [sic] Cherry of Bowdoin, with the exception of photographs of the victim, is governed by [16 M.R.S.A. § 614]." P. & S.L. 2003, ch. 18.

[4] 16 M.R.S.A. § 614 provides that dissemination of "[r]eports or records that contain intelligence and investigative information and that are prepared by, prepared at the direction of or kept in the custody of ... the Department of the Attorney General are confidential and may not be disseminated" when "there is a reasonable possibility that" their public release or inspection would:

When a public agency refuses to comply with a request made under the FOAA, section 409 of the Act provides a right of appeal to the Superior Court. Under section 409, "[a]ny person aggrieved by … denial [of an FOAA request] may appeal therefrom within 5 working days of the receipt of [a] written notice of denial." *Id.* Although there has been no written denial of petitioner's request, the Law Court has held that failure to respond constitutes a denial from which an individual in petitioner's position may appeal under section 409. *See Campbell v. Town of Machias*, 661 A.2d 1133, 1135 (Me. 1995). Assuming, *arguendo*, that the alleged omissions from respondents' FOAA response may be considered a failure to respond, petitioner has effectively alleged an improper denial entitling him to judicial review under section 409.

Petitioner has filed his appeal under M.R. Civ. P. 80C. Typically, in an 80C appeal of final agency action, a court may reverse or modify an agency's decision only if the administrative findings, inferences, or conclusions are: "(1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion." 5 M.R.S.A. § 11007(4)(C) (2002). The right of appeal provided by section 409 of the FOAA, however, provides for a trial de novo rather than judicial review restricted to the contents of the certified record. *See* 1 M.R.S.A. § 409(1).

Accordingly, under section 409, petitioner is entitled to a de novo review of respondents' alleged denial of his FOAA request. The usual standard of review

---

A. Interfere with law enforcement proceedings;
B. Result in public dissemination of prejudicial information concerning an accused person or concerning the prosecution's evidence that will interfere with the ability of the court to *impanel an impartial jury*;
C. Constitute an unwarranted invasion of personal privacy;
…

*Id.*

applicable in 80C actions therefore does not apply. Further, contrary to respondents' assertions, the fact that petitioner did not file a timely motion for the court to take additional evidence, pursuant to M.R. Civ. P. 80C(e), does not preclude the court from considering evidence presented in the de novo proceeding.[5] *See Underwood v. City of Presque Isle,* 1998 ME 166, ¶¶ 21-22, 715 A.2d 148, 155 ("Rule 80C(e)'s requirement that a party file a motion for the taking of additional evidence is inconsistent with [section 409]'s expressed purpose and therefore is inapplicable."). *Id.*

In keeping with the legal and procedural framework outlined above, the parties agreed at oral argument that the court may consider evidence on a stipulated record, including affidavits submitted by both parties. The parties also agreed that, in lieu of a de novo hearing, the court may consider the parties' joint stipulation relating to the belated discovery and disclosure by the respondents of materials responsive to petitioner's FOAA request.

After reviewing the record and other evidence before it, the court concludes that petitioner has failed to establish that respondents have denied his FOAA request with respect to documents he alleges exist but that he has not seen. The court notes that petitioner has not claimed that the respondents' previous, belated release of documents

---

[5] The court similarly rejects respondents' assertions that the petition should be dismissed because petitioner filed an affidavit rather than a brief, as is required under M.R. Civ. P. 80C(g). Although it is true that Rule 80C(g) requires a petitioner to file a brief "within 40 days after," the filing of the administrative record, the filing of an affidavit in this case, in lieu of a brief, does not warrant dismissal. *See* M.R. Civ. P. 80C(g). Under Rule 80C(h), a court may dismiss a petition as a consequence for failure to file a timely brief. Dismissal under the rule, however, is permissive, not required, and the basis of the dismissal is "for want of prosecution." M.R. Civ. P. 80C(h). Because petitioner has filed an affidavit and has therefore evidenced his diligent prosecution of his appeal, his failure to file a proper "brief" or to designate his affidavit as such does not warrant dismissal of his appeal.

5

constitutes a denial under section 409(1).[6] Rather, the petition alleges that the materials made available to petitioner demonstrate current, ongoing omissions in respondents' FOAA response and it is the release of these allegedly missing documents that he seeks. Although, as stated *supra,* a denial under section 409(1) can occur through silence or failure to act, *see Campbell,* 661 A.2d at 1135, petitioner must first establish that such a denial by omission has indeed occurred.

Much of the evidence petitioner has submitted in support of his contention that respondents have failed to produce documents responsive to his FOAA request is based either on inferences he draws from the documents he has reviewed or on representations made by third parties. For example, petitioner alleges that the State Police records show that they received a "lead" from an individual suggesting that a truck resembling Mr. Dechaine's truck was driven by a person with a hair color different than that of Mr. Dechaine. Petitioner asserts that the materials he reviewed contain no documentation that the police ever pursued this "lead," and alleges that any such documentation has been omitted from the FOAA response. Moore Aff. at ¶ 19.

In his affidavit, petitioner also represents that an individual, Susan Norris, "informed state police when they showed her Dechaine's truck," that "the red pickup she had seen on July 6, 1988 occupied by an adult and small blonde female was not Dennis Dechaine's truck." Moore Aff. at ¶ 5. According to petitioner, there is no report of this information in the material made available to him nor is there an indication that the police pursued Ms. Norris' identification of another vehicle. *Id.* The affidavit

---

[6] Further, even if petitioner had claimed that past omissions and belated release constituted a denial of his FOAA request, the court notes, without deciding, that the fact that the respondents: (1) were unaware of the existence or location of these documents; (2) the documents were later discovered in archived files or in the personal possession of retired State Police investigators; and (3) the documents were made available to petitioner soon after they were located and reviewed, may amount to "just and proper cause" for the initial omission under section 409(1). *See* 1 M.R.S.A. § 409(1).

6

contains a number of other paragraphs in which petitioner maintains, based on similar third party representations or inferences he has drawn from the documents he has reviewed, that additional state police investigatory records do or should exist but have not been made available to him. *See e.g.* Moore Aff. ¶¶ 6, 10-13, 22. Respondents argue that the grounds cited by petitioner for why various documents should have been in the files do not support an inference that the documents in fact exist or that respondents have unlawfully withheld them. According to respondents, the fact that there is no record that the State Police followed up on leads allegedly provided by Ms. Norris and others "does not mean that any documents were withheld. Rather, … the 'lead' may have been deemed unworthy of any follow-up." Resp. Brief at 12. Respondents maintain that they have provided petitioner with all documents in their possession relating to the Sarah Cherry homicide investigation.

Although petitioner has produced evidence tending to show that certain documents might or should exist, he has failed to establish that the documents and records he seeks do, in fact, exist. In the absence of any probative evidence of the existence of these documents, petitioner has not persuaded the court that a denial, pursuant to section 409 of the FOAA has occurred. To the extent, therefore, that there has been "final agency action," that action is affirmed. Further, pursuant to section 409 the court finds that there has been no denial by the respondents of his FOAA request and it therefore denies his request for an order of disclosure.

The entry is: PETITION DENIED

Dated at Portland, Maine this 23^RA day of _December_, 2004.

Robert E. Crowley
Justice, Superior Court

Date Filed __07-19-2004__     Cumberland     Docket No. ____AP-04-38____

County

Action __80C Appeal__

JAMES P. MOORE

COL. CRAIG A. POULIN, CHIEF, MAINE STATE POLICE

G. STEVEN ROWE, ATTORNEY GENERAL

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| (PRO SE)<br>JAMES P. MOORE<br>P.O. BOX 1032<br>BRUNSWICK, ME 04011 | Christopher C. Taub, AAG<br>State of Maine<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006<br>207-626-8800 |

Date of
Entry