STATE OF MAINE                         SUPERIOR COURT
CUMBERLAND, ss.                 BUSINESS & CONSUMER DOCKET
                                  DKT. NO. BCD-CV-20-06

|  |  |  |
|---|---|---|
| TIMOTHY L. TEMPLET, IN HIS CAPACITY AS TRUSTEE OF THE TEMPLET-HARDWOOD TRUST AND AS GENERAL PARTNER OF HARDWOOD PRODUCTS, LP, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **ORDER ON BLOOMBERG L.P.'S MOTION TO INTERVENE AND TO UNSEAL RECORDS** |
| JOHN W. CARTWRIGHT, IN HIS CAPACITY AS TRUSTEE OF THE JOSEPH W. CARTWRIGHT BUSINESS INTEREST TRUST AND AS GENERAL PARTNER OF BA CARTWRIGHT LP AND HARDWOOD PRODUCT COMPANY, LP, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is a Motion to Intervene and to Unseal Records brought by Bloomberg L.P. ("Bloomberg"), the owner of Bloomberg News. Intervention is sought under Rule 24(a) of the Maine Rules of Civil Procedure. The motion was originally brought pursuant to Maine's Freedom of Access Act but in its Reply, Bloomberg conceded that Maine Judicial Branch records are not subject to that Act. Instead, Bloomberg argues pursuant to the First Amendment and the common law presumption in favor of public access to judicial records. Bloomberg is represented by Attorney Bernard Kubetz. Plaintiffs are represented by Attorney Sigmund Schutz, who informed the Court that his clients took no position on Bloomberg's Motion to Intervene but opposed Bloomberg's request to unseal records. Defendants, who oppose both requests by Bloomberg, are represented by Attorneys John Lambert, Maureen Sturtevant, and Anna Clark. The Court has considered the parties' filings and the oral arguments made on November 20, 2020, and

1

for reasons stated, grants the Motion to Intervene in part, and grants in part the Motion to Unseal Records.

## ANALYSIS

If Bloomberg were still relying upon Maine's Freedom of Access law for its right to intervene, both Rule 24(a) and *Bangor Publishing Co. v. Town of Bucksport,* 682 A.2d 227, 230-231 (Me. 1996), would simplify the task before the Court. In *Bangor Publishing,* the Law Court rejected an appeal brought by the publisher after the Superior Court found that a prior court protective order had sealed documents parties agreed to sealing in the underlying tax dispute between the Town of Bucksport and Champion International. The dispute had originally been adjudicated before the Board of Tax Appeals (BOTA) which had declined to seal certain business information despite the agreement to do so between the Town and Champion. The BOTA advised the parties that it had no authority to protect documents from public disclosure and advised Champion to seek a court order, which it did. The Superior Court in November 1994 entered such an order finding them privileged under Maine Rule of Evidence 507.

Bangor Publishing knew about the protective order shortly after it was issued but waited until January 1995 to file a request with the Town under Maine's Freedom of Access law. Another Superior Court Justice found in favor of the Town, Champion, and the BOTA finding that Bangor Publishing actions "were improper collateral attacks on the protective order," and the Superior Court judgment was affirmed by the Law Court. *Id.* at 229. In affirming the Superior Court, the Law Court stated: "Contrary to Bangor Publishing's contentions, the actions are impermissible collateral attacks on a valid protective order. *Bangor Publishing could have intervened in the protective order action to assert its interest*." *Id.* (emphasis added).

The Law Court therefore implicitly recognized that for purposes of a Freedom of Access

2

action, a media entity can use Rule 24(a) to assert its interest in a civil proceeding, at least until that action has become final.

While the Law Court has not squarely addressed the First Amendment arguments made by Bloomberg for purposes of civil proceedings, other courts have discussed the right. *See, e.g.*, *Strine v. Del. Coal. for Open Gov't, Inc.*, 733 F.3d 510, 514 (3d Cir. 2013), *cert. denied* 572 U.S. 1029 (2014); *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2011) (citing cases). Despite the lack of case law in Maine addressing any constitutional right of access to court records in civil proceedings, the Law Court on August 21, 2020, adopted the Maine Rules of Electronic Court Systems (MRECS) which the Court finds to be instructive and controlling here. After reviewing these Rules, the Court finds that these Rules have direct applicability to the issues before the Court, both as to whether Bloomberg can intervene to protect its legal interest, an interest which is recognized under the Rules, and also as to how the Court must ultimately decide what data, documents, and information Bloomberg may access.

The preamble to MRECS provides as follows:

> These Rules of Electronic Court Systems are intended to facilitate public access to and use of the courts in the electronic environment, while providing *maximum reasonable public access to court records and minimizing the risk of harm to individuals and entities* involved in court proceedings. In developing these rules, the Maine Judicial Branch has carefully considered and weighed the importance of both public access and protection of privacy in court records in the context of an electronic case management and filing system.

M.R.E.C.S. preamble (emphasis added).

Rule 1 sets out what it describes as the principles behind the rules:

> Public access to court records is restricted in certain instances by law. When public access to court records is not controlled by law, these rules will control public access, and *every judge, justice, and magistrate applying these rules shall* consider the principles listed below in doing so:

3

(1) Public access to records can inform and educate the public about the workings of government, support accountability, and advance public safety;

(2) Persons who use the courts have a legitimate expectation of privacy. Providing access to personal details in court records can put the parties at risk and create a disincentive to use the courts;

(3) The public can be informed of court activity without having access to all of the personal details in a court record; and

(4) When digital information or data are made accessible by the public remotely, neither the Maine Judicial Branch nor any other entity or person has the practical ability to control its dissemination or use.

M.R.E.C.S. 1(B) (emphasis added).

Rule 2 provides definitions pertinent here. A "media organization," such as Bloomberg, is included specifically within the definition of "Public" in Subparagraph 31(a)(i). Court records under 17(a)(i)-(ii) of the definitions of the Rules include some of the information sought here: "Pleadings, motions, briefs and their respective attachments, correspondence, . . . documentary evidentiary exhibits submitted with court filings[, o]rders, judgments, opinions, and decrees . . . ."

Rule 3(A) sets out the "General Access Policy," which provides that "[e]lectronic court records are accessible by the public except as provided by law, including these rules, *or by court order*." (Emphasis added). Finally, Rule 4 addresses civil cases, such as this one, by establishing in Subparagraphs (B) and (C) which civil cases are not accessible by the public. Subparagraph D then clarifies that any court record not listed in (B) and (C) are accessible by the public remotely and at a courthouse. The court records sought by Bloomberg are not included in (B) and (C), and the Court concludes that they are presumptively accessible to the public. However, Subparagraph E defines "Nonpublic data, documents and information" filed within court proceedings that will remain "nonpublic," including "trade secrets."

4

In summary, these MRECS clearly apply to Maine Business and Consumer Court records which, as this is written, are in the process of being converted to a fully electronic filing and retention system. Given the language in the Preamble and as stated in the Principles and Definitions sections, the Court concludes that Bloomberg does have a cognizable interest under Maine law to access this information so long as the Court adheres to the MRECS in defining the scope of such access. Further, the Court concludes the information sought by Bloomberg is presumptively public unless it falls under one of the categories of "Non-public data, documents and information" in Rule 4(E).

As the parties and Bloomberg know, this Court on August 12, 2020, ordered a 90-day stay in this matter. Within the order granting the stay, the Court reiterated its decision to seal most of the filings given "the substantial proprietary information this case involves, the several rounds of complex contractual negations which were unfolding in real time and which were treated by all parties to the negotiations as confidential; as well as the Parties' agreement that the filings in this case should be sealed."

Neither the parties nor the Court had the benefit of the MRECS when motions were being filed and granted to seal the information that was filed. However, the legal landscape has shifted while this case has been moving forward, albeit with stops and starts. The Court has concluded that Bloomberg should be permitted to enter the case as an Intervenor for the limited purpose of awaiting final decision from the Court as to the viability of the prior seal orders. Before a decision can be reached by the Court, the parties must file Privilege Logs which will be followed by an *in camera* review by the Court of the documents the parties claim to be protected from public access under the MRECS or any other established privilege or provision of Maine law.

The entry will be: Bloomberg's motion to intervene is GRANTED in part. Bloomberg's Motion to Unseal is DEFERRED until the completion of the following process: Counsel for the parties have 14 days from the date of this Order to file separate Privilege Logs. Any reasonable extension of that deadline will be considered given the upcoming holiday season. Counsel shall review any document or pleading now under seal and shall decide if they are still seeking to maintain its confidentiality. They shall do that in part by review and consideration of the Maine Rules of Electronic Court Systems. They shall consult with one another to see if they can reach agreement on any filings that should be made public. They should attempt also to agree to a uniform or at least similar method of organizing their separate privilege logs, if they can, to facilitate what could be a significant undertaking by the Court. After the Privilege Logs are filed, along with any brief written argument in support of the assertions of privilege, the Court will conduct an *in camera* review and issue a decision as soon as practicable

The entry will further be: Bloomberg's Motion to Intervene is GRANTED IN PART. Bloomberg's Motion to Unseal Records is DEFERRED. The Clerk may note this Order on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated:   December 7, 2020                        /s/M. Michaela Murphy
                                                **JUSTICE, MAINE SUPERIOR COURT**

6

*TIMOTHY L. TEMPLET*

*v.*

*JOHN W. CARTWRIGHT*

Party Name:                                          Attorney Name:

*Timothy L. Templet*                            **Sigmund Schutz, Esq.**
                                                          Preti Flaherty
                                                          One City Center
                                                          PO Box 9546
                                                          Portland, ME 04112

*John W. Cartwright*                          **John Lambert, Esq.**
                                                          Lambert Coffin
                                                          PO Box 15215
                                                          One Canal Plaza, Suite 400
                                                          Portland, ME 04112